Kay F. THOMPSON, et vir., Appellant,

v.

MERCANTILE THRIFT STORES, INC., et al.

No. B3019.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1983.

Carl L. Ray, Houston, for appellant.

Robert S. MacIntyre, Jr., Barrow, Bland & Rehmet, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellants appeal a judgment in which they received $25,000.00 for whiplash injuries sustained in an automobile collision.

Appellant, Kay Thompson, was struck from the rear by a truck while sitting in her automobile, at a red light, at the intersection of Bellaire Boulevard and Bissonnet in Bellaire, Texas. The truck was owned by Mercantile Thrift Stores Incorporated and was being driven by Roy Allen Pinson. Appellant complained of no injuries at the scene and none were immediately apparent. Later the same day appellant's neck and back became stiff and sore and she consulted a doctor. Within the few months following the accident appellant's back and neck became progressively worse causing her to miss work frequently and curtail or cease many other activities. She consulted several doctors including a general practitioner, an internist, a neurological surgeon and a chiropractor. She was diagnosed as having a possible cervical strain or sprain, congenital degenerative disk disease, congenital spina bifida occulta, a slippage of the fifth lumbar vertebrae (spondiliolistheses) and scoliosis. Ultimately, appellant had orthopedic surgery in which her sixth and seventh cervical vertebrae were fused together.

The case was tried to a jury. Appellees stipulated liability and the trial was limited to the issue of damages. The case was submitted to the jury on special issues. In answer to special issue no. 1 the jury awarded $18,000.00 to appellant for past and future physical pain and mental anguish and for past and future loss of earning capacity. Special issue No's 2 and 3 were answered by the jury as follows:

SPECIAL ISSUE NO. 2

Find from a preponderance of the evidence the reasonable expenses, if any, for necessary medical and hospital care received by Kay Thompson in the past for treatment of her injuries resulting from the occurence in question.

Answer in dollars and cents, if any.

Answer: *$7,000.00*

SPECIAL ISSUE NO. 3

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would be compensation for the reasonable expenses, if any, for necessary medical and hospital care which Kay Thompson will, in reasonable probability, require in the future for treatment of her injuries resulting from the occurence in question?

Answer in dollars and cents, if any.

Answer: *$0.00*

Appellants bring five points of error. In their first three points, appellants contend that the trial court erred in refusing to grant their motion for new trial because there was no evidence to support the jury's answer to special issue No. 3. They further contend that such answer is against the great weight and preponderance of the evidence. We disagree.

■ We cannot set aside the jury's finding on damages unless such findings are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Clark v. Brewer,* 498 S.W.2d 957 (Tex.Civ.App.—Corpus Christi, 1973, no writ). The expert testimony elicited at trial with regard to future medical treatment was highly speculative. The doctors who testified were unable to agree on whether or not appellant would require future medical treatment although they generally agreed that she would benefit if she chose to receive it. Additionally, appellant suffered from various back ailments which had existed, to some degree, prior to the accident. Appellant's lower back problems were all characterized as pre-existing and congenital. Appellant's neck injuries were generally attributed to the accident in question. However, there was expert testimony that it, too, was related to a pre-existing degenerative condition. Dr. Ali Azimpoor, a neurological surgeon, testified that appellant would have future medical expenses for treatment of her neck and back. He further stated, however, that these treatments may be related to pre-existing congenital ailments. Other experts refused to speculate on appellant's future condition.

■ There was no objective evidence that any future back problems would have originated with the accident in question. The jury easily could have believed that any future back problems and treatments would be the result of the several pre-existing conditions. Therefore, we cannot hold that the jury's finding of zero damages for future medical treatment was manifestly unjust or improper. Having found sufficient evidence to support the jury's finding, we do not comment specifically on appellants no evidence point. Appellant's first three points of error are overruled.

■ In their fourth and fifth points of error, appellants contend the jury's answer to special issue No. 2 was so against the great weight and preponderance of the evidence as to be manifestly unjust. To so find we must conclude that the medical expenses appellant incured as a result of the accident in question were established by such clear and uncontradicted evidence that the jury's finding was motivated solely by bias and prejudice. *Jackson v. Killough,* 615 S.W.2d 274 (Tex.Civ.App.—Dallas 1981, no writ); *Gonzales v. Southwestern Bell Telephone Co.,* 555 S.W.2d 219 (Tex.Civ.App.—Corpus Christi 1977, no writ). This we cannot conclude.

■ There was expert testimony that most of the medical treatment received by appellant was reasonable and necessary as a result of the accident in question. The jury apparently believed this testimony and awarded appellant $7,000.00 for the medical treatment she received. There was also expert testimony that an unknown percentage of certain hospital and doctor's charges were unrelated to the accident in question and that appellant suffered from several back ailments which were unrelated to the accident. Due to the conflict in expert testimony, the jury was not required to believe that a causal connection existed between the accident in question and all of the medical expenses in evidence. The testimony of expert witnesses must be taken as true insofar as it establishes facts, but opinions as to deductions from those facts are not binding on the trier of fact. *Gregory v. Texas Employers Insurance Association,* 530 S.W.2d 105 (Tex.1968). Appellant's fourth and fifth points of error are therefore overruled.

The judgment of the trial court is affirmed.