Fred HEBERT, Appellant,

v.

PAN AMERICAN VAN LINES,
INC., Appellee.

No. B14-84-095-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 18, 1984.

John Cash Smith, Mehaffy, Weber, Keith & Gonsoulin, Houston, for appellant.

Elaine Brady, Weitinger, Steelhammer & Tucker, Michael Hendryx, Weitinger, Steelhammer & Tucker, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Fred Hebert appeals from a judgment entered on a jury verdict in a negligence action in which he was awarded $1,770.30 as compensation for personal injuries sustained on the job when he was struck by a post that fell from a van owned by Pan American Van Lines, Inc., appellee. We affirm.

Appellant brings one point of error on appeal. He claims that the trial court erred in denying his Motion for a New Trial because the jury's finding that $1,967.00 would fully compensate him for his injuries was so grossly inadequate and against the great weight and preponderance of the evidence as to be clearly wrong. Appellant requests a remand for trial de novo.

Appellant and co-worker, Clifford Greene, were checking the cargo, in appellee's van at the Diamond Shamrock Plant in Deer Park, Texas. Appellant and Greene were material checkers in the Teamsters Union employed by C.F. Braun, Corp. As Greene was attempting to climb into the van, he pulled on the metal center post of the van's side doors. The post came loose and struck appellant in the lower back. Greene fell backwards to the ground. Appellant testified that he went immediately to the first aid station. He then returned to work. Though he had blood in his urine, pain in his back and kidneys, and cramping and weakness in his legs, he returned to work. Appellant worked for two weeks before he was hospitalized for back problems. After his discharge, he did not return to work. Appellant was hospitalized two years later, again for back problems.

Appellant's action against Pan American Van Lines for injuries sustained while unloading the van was consolidated with an action brought by Greene for injuries received in the same incident. Appellant's physician testified that the accident was the cause of appellant's back trouble. The physician also testified that the injury could have accelerated the development of appellant's pre-existing arthritis. The jury found negligence on the part of all three parties. Specifically the jury found Greene eighty percent (80%) negligent, appellant ten percent (10%) negligent, and Pan American Van Lines ten percent (10%) negligent. In answer to a special issue, the jury determined that $1967.00 would compensate appellant for his injuries. Since appellant was determined to be ten percent (10%) negligent, judgment was entered for appellant in the amount of $1770.30.

When a factual insufficiency point is presented the appellate court is "required to consider all of the evidence in deciding the question." *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). When reviewing the adequacy of the jury verdict this court must view the evidence in the light most favorable to the appellee. *Schaefer*

*v. Texas Employers' Insurance Assoc.,* 612 S.W.2d 199 (Tex.1980); *Walker v. Missouri Pacific Railroad Co.,* 425 S.W.2d 462 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). In order to set aside the verdict we must find that the jury's answers are so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *United General Insurance Exchange v. Brown,* 628 S.W.2d 505 (Tex.App.—Amarillo 1982, no writ); *Waterloo Leasing Co. v. McNatt,* 620 S.W.2d 194 (Tex.Civ.App.—Waco 1981, no writ); *Shop Rite Foods, Inc. v. Upjohn Co.,* 619 S.W.2d 574 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

We have reviewed all of the evidence in the light most favorable to appellee in this case. We find that the jury's answer is not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Testimony of experts is only evidentiary and not binding upon the trier of fact. *Reinke v. Thomas,* 369 S.W.2d 692 (Tex.Civ.App.— Waco 1963, writ ref'd n.r.e.). Therefore, the jury could have disregarded the testimony of appellant's physician. In fact, the jurors may disbelieve a witness, though he is neither impeached nor contradicted. *Blackmon v. Piggly Wiggly Corp.,* 485 S.W.2d 381 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.).

In the case at bar, appellant did not go uncontradicted. He was contradicted by his own deposition regarding the details of the accident. The first aid station records do not show appellant's visit, though they do show co-worker Greene's visit. Appellant was contradicted when he testified that he was separated, living alone, and unable to care for himself. Testimony revealed that he was living with his wife who did care for appellant. Additionally, appellant denied falling two times subsequent to the accident. The falls were recorded in records of the doctor and the hospital. The jury may have believed that these accidents contributed to appellant's injuries. The jury may have thought that appellant's pre-existing arthritis and sarcoidosis, a chronic

lung disease, also contributed to appellant's problems. In light of all the contradictory evidence, we do not find the verdict manifestly wrong or unjust.

Accordingly, the judgment of the trial court is affirmed.