**GEORGE GRUBBS ENTERPRISES, INC. a/k/a George Grubbs Nissan, Inc., David Kielson and Luke Maturelli, Petitioners,**

v.

**Mitchel L. BIEN, Respondent.**

**No. 94–1052.**

Supreme Court of Texas.

June 15, 1995.

Rehearing Overruled July 21, 1995.

David E. Keltner, Fort Worth, Nina Cortell, Sharon N. Freytag, LaDawn H. Conway, Haynes & Boone, Dallas, for petitioners.

Michael W. Johnston, Leslie E. Echols, Broude Nelson & Harrington, Fort Worth, Robert J. Clinton, Carol A. Swanda, Law Office of Steven H. Beadles, Dallas, Rickey J. Brantley, Jose Henry & Brantley, Fort Worth, for respondent.

PER CURIAM.

In this case we must determine the propriety of an exemplary damages instruction given to the jury.

This case arises out of the sales techniques employed by the defendants in their dealings with Mitchell Bien, a deaf man who attempted to shop at the defendants' automobile dealership. The court of appeals' recitation of the underlying facts is accurate, supported by the evidence, and cannot be improved by repetition here. *See* 881 S.W.2d 843, 848–51. Bien sued Grubbs Enterprises, Inc. (the parent company of Grubbs Nissan) and its employees for Deceptive Trade Practice Act violations and intentional infliction of emotional distress. Bien did not bring suit against a related corporate entity, Grubbs Auto Park, Inc., which owns other Grubbs dealerships. The trial court awarded $573,815.00 in actual damages, $222,294.49 in prejudgment interest, and $5,000,000.00 in exemplary damages. The court of appeals affirmed. 881 S.W.2d at 848. Finding error in the exemplary damages jury instruction, we reverse the judgment of the court of appeals and remand this case to the trial court for proceedings in conformity with this opinion.

■ The trial court's charge on exemplary damages correctly followed the pattern jury charge and properly listed the *Kraus* factors. *See Alamo National Bank v. Kraus,* 616 S.W.2d 908 (Tex.1981); PJC 80.06 at 80–19 (1992). However, the court also included the following statement:

> You are instructed that in determining the amount of exemplary damages you may not consider the assets, wealth or profitability of the dealerships operating under George Grubbs Auto Park, Inc., unless you find that Grubbs Auto Park, Inc., and George Grubbs Enterprises Inc., are operated as and constitute a single business enterprise. A "single business enterprise" exists when two or more corporations associate together and, rather than operate as separate entities, integrate their resources to achieve a common business purpose.

Prior to submission of the case to the jury, the defendants objected to this instruction on the grounds that it erroneously omitted the factors necessary to determine whether Grubbs Enterprises and Auto Park constituted a single business enterprise. *See, e.g. Paramount Petroleum v. Taylor Rental Ctr.,* 712 S.W.2d 534 (Tex.App.—Houston [14th

Dist.] 1986, writ ref'd n.r.e.) (listing factors). Assuming without deciding that it would *ever* be proper for the jury to consider the wealth of a related corporate entity which had not been joined as a defendant, we find that the instruction was inadequate for the reasons stated in the defendants' objection to the charge.

In contrast to compensatory damages, exemplary damages rest on justifications similar to those for criminal punishment. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 16 (Tex.1994). Because exemplary damages resemble criminal punishment, they "require appropriate substantive and procedural safeguards to minimize the risk of unjust punishment." *Id.* at 17. Awarding exemplary damages against one defendant according to the wealth of a separate entity substantially increases the risk of unjust punishment. Disregarding the corporate structure in such a manner demands a fact-specific analysis of each case and therefore demands jury instructions that advise the jury concerning all the factors bearing on their decision. *See Castleberry v. Branscum*, 721 S.W.2d 270, 273 (Tex.1986). This instruction did not guide the jury's consideration concerning the relationship between Grubbs Enterprises and Auto Park. Because this "single business enterprise" instruction seeks to disregard the corporate structure, the failure to submit all relevant factors to guide the jury's consideration was error. *Id.* at 273.

Therefore, pursuant to Tex.R.App.P. 170, a majority of the court, without hearing oral argument, grants Grubbs' application for writ of error, reverses the judgment of the court of appeals and remands this case to the trial court for proceedings in conformity with this opinion. We also grant Bien's application for writ of error simply because we have granted Grubbs'. In view of our disposition of the case we need not reach Bien's sole complaint, which is that the trial court should have awarded him attorney fees as found by the jury.