**Charlotte DeMoss PRATI, B.C. DeMoss and Catherine DeMoss, Appellants,**

v.

**NEW PRIME, INC. and Joseph V. Thomas, Appellees.**

No. 07–96–0359–CV.

Court of Appeals of Texas, Amarillo.

July 24, 1997.

Rehearing Overruled Aug. 25, 1997.

Wilshire Scott & Dyer, Jacalyn D. Scott, Houston, for appellants.

Cowles & Thompson, PC, Charles T. Frazier, Jr., Gregory J. Lensing, Dallas, for appellees.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

*ON MOTION FOR REHEARING*

REAVIS, Justice.

On original submission, we reversed the judgment of the trial court and remanded the cause. Appellees, New Prime, Inc. and Joseph V. Thomas filed a motion for rehearing. We overrule the motion, but withdraw our original opinion of May 22, 1997, and in lieu thereof, issue the following opinion expressing our rationale underlying our judgment. Appellees' motion for en banc consideration is denied but their motion for publication is granted.

Appealing from a judgment rendered on a jury's verdict in their favor, in their action

against New Prime, Inc. and Joseph V. Thomas, (New Prime and Thomas), for personal injuries sustained in a collision between the Winnebago in which they were traveling and a tractor/trailer owned by New Prime and operated by Thomas, appellants, B.C. DeMoss, Catherine DeMoss, and Charlotte DeMoss Prati, (herein DeMoss *et al.*), seek a new trial alleging that the jury's findings of damages were against the great weight and preponderance of admissible credible evidence. DeMoss *et al.* contend that the trial court erred (1) in excluding evidence and refusing to submit jury questions on negligent entrustment, negligent hiring and gross negligence claims, (2) in denying a trial amendment to allege gross negligence, (3) in rendering judgment based on the jury findings which were against the great weight and preponderance of the evidence, and (4) in rendering judgment and denying their motion for new trial because the damages were grossly inadequate. Also, they contend that (5) the jury's failure to find that Mr. DeMoss's injuries were not serious, permanent, or disabling, was against the great weight and preponderance of the evidence, and (6) that the trial court abused its discretion in overruling their motion to strike testimony of the so called "junk science" expert. Based upon the rationale and authorities expressed herein, we reverse and remand.

## History

On August 27, 1993, DeMoss *et al.* were traveling in a Winnebago from Colorado to Houston by way of Clayton, New Mexico. At the time of the accident, Mrs. DeMoss was seated on a rear couch, Mr. DeMoss was seated in the front passenger seat and Prati was driving the Winnebago. Just before leaving Clayton, DeMoss *et al.* noticed a tractor/trailer owned by New Prime and operated by Thomas which was stopped in their lane. Apparently, Thomas had missed the entrance to a truck weigh station and was backing up with the intention of pulling into the weigh station, causing the collision with the Winnebago. Based upon jury findings, judgment was entered that Mr. DeMoss recover $50,100.00 plus interest, that Mrs. DeMoss recover $10,500.00, plus interest and

that Prati recover $1,021.39 plus interest against New Prime and Thomas.

## "Junk Science" Expert

In replying to the DeMoss *et al.* points of error in a logical, rather than a numerical sequence, we first consider the DeMoss *et al.* sixth point of error. DeMoss *et al.* contend the trial court abused its discretion in admitting the testimony of Dr. Thomas McNish, an expert witness called by New Prime and Thomas. By three subpoints, DeMoss *et al.* also complain that Dr. McNish's testimony violated a limine order and that the qualifications, foundation and reliability of the opinions of the expert were placed at issue. We disagree for the following reasons.

In order to preserve a complaint for appellate review, a party must present a timely objection or motion to the trial court stating the specific grounds for the ruling the party desires the court to make and obtain a ruling upon the objection or motion. Tex. R.App. P. 52(a); *Kershner v. State Bar of Texas,* 879 S.W.2d 343, 347 (Tex.App.—Houston [14th Dist.] 1994, writ denied). A point of error cannot raise an objection to evidence for the first time on appeal which was not presented to the trial court. *Andrews v. ABJ Adjusters, Inc.,* 800 S.W.2d 567, 568–569 (Tex.App.—Houston [14th Dist.] 1990, writ denied). *See also MWJ Producing Co. v. Sparkman,* 655 S.W.2d 286, 290 (Tex.App.—Corpus Christi 1983, no writ) in which the court held that failing to object to a witness's expert status did not preserve error for review when presented for the first time on appeal. Moreover, DeMoss *et al.* have the burden to present a sufficient record to this Court, Tex.R.App. P. 50(d), demonstrating alleged errors by making accurate references to the record to support their complaints on appeal. *Russell v. City of Bryan,* 919 S.W.2d 698, 706 (Tex.App.—Houston [14th Dist.] 1996, writ denied).

The direct examination of Dr. McNish included a detailed inquiry into his educational background and qualifications. However, we have been unable to find any objection to Dr. McNish's qualifications and testimony. Although the DeMoss *et al.* brief does refer to portions of his testimony which DeMoss *et*

*al.* contend should not have been allowed, it does not point out any objections or the court's rulings regarding the evidence.

■ Moreover, a trial court's ruling on a motion in limine does not preserve error. *Collins v. Collins,* 904 S.W.2d 792, 798 (Tex. App.—Houston [1st Dist.] 1995), *writ denied,* 923 S.W.2d 569 (Tex.1996). A proper and timely objection by the party seeking to exclude evidence is necessary at the time the evidence is offered in contravention of a sustained motion in limine. *Id.* However, no objection was made to Dr. McNish's testimony at the time it was offered. The motion in limine order, without a proper and timely objection, was insufficient to preserve error. We overrule point of error six.

### Inadequate Damages Award

By their third, fourth and fifth points of error, DeMoss *et al.* contend that the trial court erred in denying their motion for new trial because the damages awarded were grossly inadequate. They claim that the jury's failure to find that Mr. DeMoss's injuries were not serious, permanent, or disabling, was against the great weight and preponderance of the evidence and/or established as a matter of law. We disagree.

The granting or denying of a motion for new trial is a matter of judicial discretion that will not be disturbed on appeal absent a showing of abuse of discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984); *Superior Packing v. Worldwide Leasing,* 880 S.W.2d 67, 71 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Vickery v. Texas Carpet Co., Inc.,* 792 S.W.2d 759, 761 (Tex. App.—Houston [14th Dist.] 1990, writ denied). In reviewing a factual sufficiency challenge, we must consider and weigh all the evidence in support of the award, and set it aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986). In considering great weight points complaining of a jury's failure to find sufficient damages, we must be mindful that the jury was not convinced by a preponderance of the evidence. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988); *Novosad v. Mid–Century In-*

*surance Company,* 881 S.W.2d 546, 548 (Tex. App.—San Antonio 1994, no writ). We cannot set aside the jury's damages award unless it is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Thompson v. Mercantile Thrift Stores, Inc.,* 650 S.W.2d 120, 122 (Tex.App.—Houston [14th Dist.] 1983, no writ).

■ The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796 (1951). It is particularly within the jury's province to weigh opinion evidence and the judgment of experts, *Kirkpatrick v. Memorial Hosp. of Garland,* 862 S.W.2d 762, 772 (Tex.App.— Dallas 1993, writ denied), and the jury has considerable discretion in evaluating opinion testimony on the question of the amount of damages. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986).

■ The mental processes by which a jury determines the amount of damages is ordinarily not cognizable by an appellate court, and where the law does not provide a precise legal measure of damages, the amount to be awarded is generally within the discretion of the jury. *Peterson v. Reyna,* 908 S.W.2d 472, 476 (Tex.App.—San Antonio 1995), *modified,* 920 S.W.2d 288 (Tex.1996); *Terry v. Garcia,* 800 S.W.2d 854, 859 (Tex. App.—San Antonio 1990, writ denied). Moreover, expert testimony has only evidentiary significance and is not binding upon a jury. *Hebert v. Pan American Van Lines, Inc.,* 681 S.W.2d 221, 222 (Tex.App.—Houston [14th Dist.] 1984, no writ). We are not free to reweigh the evidence and set aside a jury verdict merely because we feel a different result is more reasonable. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634 (Tex.1986). We will not substitute our judgment for that of the jury.

DeMoss *et al.* challenge the jury's findings to special questions three through seven and its failure to find in special question nine, loss of parental consortium to compensate Charlotte Prati. Special questions in the jury charge were submitted in accordance with Texas Pattern Jury Charges, Chapter 80.02;

however, separate answer blanks for each element of damages were not provided. The jury awarded Mr. DeMoss $50,000.00, damages plus $100.00 for loss of household services and consortium, Mrs. DeMoss $3,000.00 damages, plus $7,500.00 for loss of household services and consortium, and Charlotte Prati $1,029.39 damages. DeMoss *et al.* argue that their motion for new trial should have been granted because the jury's award was grossly inadequate and against the great weight and preponderance of the evidence presented.

DeMoss *et al.* presented testimony from six medical experts to support their claims that their injuries and medical expenses were a result of the accident. Causation of the claimed injuries was questioned by Dr. McNish, but apparently the jury did not give credence to his testimony because it resolved the causation issue in favor of DeMoss *et al.* With regard to the amount of the damages award, a jury is given latitude in weighing expert testimony and assessing damages accordingly. The jury was free to believe or disbelieve the witnesses and resolve inconsistencies in their testimony. The evidence of DeMoss *et al.* regarding expenses incurred had only evidentiary significance, and was not binding upon the jury. We conclude that the jury's award was not against the great weight and preponderance of the evidence and therefore, the trial court did not err in denying appellants' motion for new trial. Points of error three, four and five are overruled.

### Trial Amendment

By points of error one and two, DeMoss *et al.* contend that the trial court erred in denying a trial amendment and refusing to submit jury questions and instructions on negligent entrustment, negligent hiring, gross negligence and punitive damages. They contend that because of this error the trial court also erred in excluding evidence on negligent entrustment, negligent hiring, gross negligence and punitive damages. We agree.

Rule 66 of the Texas Rules of Civil Procedure provides that trial amendments shall be freely allowed when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the amendment would prejudice him. The allowance of a trial amendment is mandatory unless (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense, thus making it prejudicial on its face. The opponent of the trial amendment has the burden of showing surprise or prejudice. However, if the trial amendment is not mandatory, then the denial or allowance of the trial amendment is within the sound discretion of the trial court and, the decision will be reversed only if it is a clear abuse of discretion. *State Bar of Texas v. Kilpatrick,* 874 S.W.2d 656, 658 (Tex.1994); *Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990); *Hardin v. Hardin,* 597 S.W.2d 347, 349–50 (Tex.1980); *Houston Cable TV v. Inwood W. Civic Ass'n,* 839 S.W.2d 497, 499–500 (Tex. App.—Houston [14th Dist.] 1992), *writ granted w.r.m.,* 860 S.W.2d 72 (Tex.1993).

### Record

In addition to asserting claims of ordinary negligence, the joint pretrial order filed March 31, 1995, recited that DeMoss *et al.* sought to recover for (1) an improper and insufficient method of hiring and investigation, improper and inconsistent methods of supervision, and (2) asserted that New Prime was "grossly negligent generally in improper hiring and improper supervision." Gross negligence and punitive damage questions were circulated along with the pretrial order. Thereafter, by their second amended petition filed April 3, 1995, DeMoss *et al.* broadly asserted negligent entrustment and negligent hiring claims against New Prime and stated that they sought "actual and punitive damages" against both New Prime and Thomas, but the amended pleading omitted standard gross negligence allegations. DeMoss *et al.* also prayed for actual and punitive damages. Although the amended petition filed on April 3, 1995, may have been subject to special exception under Rule 90 of the Texas Rules of Civil Procedure, New Prime and Thomas did not specially except to the amended petition. On July 27, 1995, New Prime and Thomas filed a motion for bifurcated trial

that expressly acknowledged that DeMoss *et al.* were seeking "punitive damages."

When the case was called for trial on August 9, 1995, after an unrecorded conference, the record reflects that the trial court stated that gross negligence would not be an issue. Counsel for DeMoss *et al.* contended that gross negligence and punitive damages were set forth in the trial pleadings; that New Prime and Thomas had requested a bifurcated trial; and that proposed jury questions had been circulated which included gross negligence and punitive damages. Counsel requested that if the trial court was of the opinion that gross negligence was not properly pled, that a trial amendment be allowed. Notwithstanding the fact that New Prime's and Thomas's motion for bifurcated trial acknowledged that DeMoss *et al.* were seeking punitive damages, counsel for New Prime and Thomas opposed any leave to file a trial amendment, claiming surprise. Also, New Prime and Thomas asserted that because gross negligence constitutes a separate cause of action from ordinary negligence, that the proposed trial amendment sought to establish a new and separate cause of action.

After questioning counsel for New Prime and Thomas as to "where is the surprise" the court denied the trial amendment. Later, before DeMoss *et al.* rested, they again offered a formal trial "supplement" to assert standard gross negligence allegations. At that time, they also made a bill of exception which included evidence of alleged negligent hiring, negligent entrustment and gross negligence. Again, the trial court denied the trial "supplement" and refused to submit tendered questions to the jury on negligent hiring, negligent entrustment, gross negligence and punitive damages.

■■■ Even though the amended petition filed on April 3, 1995, specifically alleged that negligent hiring and negligent entrustment along with other acts of alleged negligence was the proximate cause of the DeMoss *et al.* damages, and also stated that DeMoss *et al.* sought actual and punitive damages, New Prime and Thomas contended that an amendment containing standard gross negligence allegations constituted surprise and raised a new cause of action. However, no

surprise existed because New Prime and Thomas knew from the joint pretrial order that DeMoss *et al.* sought punitive damages, which prompted their motion for bifurcated trial. The addition of standard gross negligence allegations would not have established a new cause of action because New Prime and Thomas were aware that DeMoss *et al.* were seeking punitive damages. The pleadings of DeMoss *et al.* were subject to liberal construction. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977). Moreover, gross negligence is not a separate and independent cause of action. *Newman v. Tropical Visions, Inc.,* 891 S.W.2d 713, 722 (Tex.App.—San Antonio 1994, writ denied); *Trevino v. Lightning Laydown, Inc.,* 782 S.W.2d 946, 951 (Tex.App.—Austin 1990, writ denied). Therefore, the allowance of the trial amendment was mandatory under *State Bar of Texas v. Kilpatrick,* 874 S.W.2d at 658. Furthermore, even if the allowance of the trial amendment was not mandatory, the denial of the request for trial amendment was an abuse of discretion by the trial court since the record fails to show that New Prime and Thomas carried their burden of demonstrating surprise or prejudice. Accordingly, we sustain points of error one and two.

### Texas Rule of Appellate Procedure 81(b)(1)

■■■ New Prime and Thomas urge that *Olin Corp. v. Dyson,* 678 S.W.2d 650 (Tex. App.—Houston [14th Dist.] 1984), *rev'd on other grounds,* 692 S.W.2d 456 (Tex.1985), is controlling for the proposition that gross negligence is a separate cause of action from an action for ordinary negligence and that where they have not challenged the jury's finding of ordinary negligence against them on appeal, that remand should be limited to the issue of gross negligence. However more recent decisions of the Texas Supreme Court are not in accord.

In *Otis Elevator Co. v. Bedre,* 776 S.W.2d 152 (Tex.1989), the Court held that a partial reversal and remand is not proper unless the issues are severable, and consequently it reversed the judgment of the court of appeals which ordered a partial remand. Later, in

*Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 30 (Tex.1994), the Court, in discussing bifurcation of ordinary negligence issues with gross negligence issues, held that although the claims may be tried at different phases of the trial, they should be tried to the same jury.[1] One year later, because of an erroneous instruction on exemplary damages only, in *George Grubbs Enterprises, Inc. v. Bien,* 900 S.W.2d 337 (Tex.1995), the Court reversed and remanded the entire case to the trial court.

In *Redman Homes, Inc. v. Ivy,* 920 S.W.2d 664, 669 (Tex.1996), Redman asserted the court of appeals erred by remanding the case for a new trial solely on the issue of damages. Because liability was disputed and the damages were unliquidated, the Texas Supreme Court held that a remand of the entire case was required except for the issue of federal preemption.[2]

Accordingly, having sustained points of error one and two of DeMoss *et al.,* the judgment of the trial court is reversed and the cause is remanded to the trial court for new trial.

QUINN, J., concurs and dissents.

QUINN, Justice, concurring and dissenting.

Because the trial court erred in denying the appellants opportunity to prove simple negligence *vis-a-vis* the hiring of and entrustment of a vehicle to Joseph V. Thomas, I believe those choses-in-action must be remanded. This would not be so, however, if New Prime, Inc. had opted not to contest its liability under those claims. In the latter scenario, I would remand only the question of gross negligence, that is, the recovery of punitive damages. TEX. R. APP. P. 81(b).

But, since New Prime, Inc. has made no such concession, remand of both the negligence and punitive damages issues is appropriate.

As to the negligence of Thomas and its imputation to New Prime, Inc. (his employer), I would remand solely the question of gross negligence, that is, recovery of punitive damages. This is so because New Prime, Inc. does not contest the jury's finding that held Thomas negligent and New Prime, Inc. vicariously liable for that negligence.[1] And, since the matter of punitive damages is separable from the matter of liability upon the underlying cause of action, as implicitly recognized by the Supreme Court in *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex. 1994)(requiring a bifurcated trial on the issues of negligence and punitive damages), Texas Rule of Appellate Procedure would permit remand of the punitive damage question alone. See *Redman Homes, Inc. v. Ivy,* 920 S.W.2d 664, 669 (Tex. 1996)(holding that because the Ivys "conceded at oral submission that liability *is* contested and the damages are unliquidated," remand of the entire proceeding was required).

In all other things, I concur in the majority opinion.

---

1. *Moriel* requires that actual and punitive damages be determined by the same jury. Among other things, this reduces the possibility that a different jury hearing only punitive damages may include in its punitive damage finding, actual damages which may in fact constitute double recovery, which is not allowed. *Parkway Co. v. Woodruff,* 901 S.W.2d 434 (Tex.1995).

2. In *Miles v. Ford Motor Co.,* 922 S.W.2d 572 (Tex.App.—Texarkana 1996, writ granted), the court severed the issues of gross negligence, malice and punitive damages and remanded those issues only for retrial. However, application for writ of error has been granted.

1. New Prime, Inc. represents that "[i]t is simply unnecessary to retry the issue of Thomas' negligence and the actual damages sustained by Appellants because *these findings are supported by the evidence and do not need to be retried.*" (Emphasis added). I read this to be an admission that the fact of Thomas' liability and New Prime's vicarious liability for same is no longer contested.