In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00686-CV

____________


OBER ANTONIO BARRIOS, Appellant


V.


MARLA DEE ORSAK, Appellee






On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2000-32064






O P I N I O N

 Appellant, Ober Antonio Barrios (Plaintiff), sued appellee, Marla Dee Orsak
(Defendant), for personal injuries resulting from a car accident. The jury found that
Plaintiff suffered money damages in the amount of $18,125.85. Based on the jury's
findings on percentages of negligence, the trial court rendered judgment that Plaintiff
recover $11,781.16 in damages plus $887.70 in prejudgment interest, for a total of
$12,668.86. We affirm.

Background


 Just before the accident, Defendant was driving eastbound on Steeplecrest. She
stopped at a stop sign facing eastbound at the corner of Jones Road. She was about
to make a left turn onto Jones Road to go northbound. Jones Road has a total of six
lanes with a 15-foot-wide median in the middle. Three lanes carry traffic in each
direction. Defendant crossed the three southbound lanes and came to a complete stop
in the median, waiting for the traffic in the northbound lanes to clear so that she could
turn left. Plaintiff was driving in the left innermost lane of the three lanes of traffic
on Jones Road. When Defendant's car appeared in front of Plaintiff's car, Plaintiff
stepped on his brakes. At that point, Plaintiff's car struck Defendant's car. 
Defendant's car was damaged on the front side and driver's door.

 Plaintiff sued Defendant for negligence. The jury found that Plaintiff and
Defendant were 35% and 65% negligent, respectively. In one broad-form question,
the jury found that Plaintiff was entitled to recover $18,125.85. 

 In four points of error, Plaintiff argues that: (1) the evidence was legally and
factually insufficient to show that he was 35% comparatively negligent; (2) the
evidence was legally and factually insufficient to support the award of medical care
damages; (3) the jury's determinations of zero damages for pain and suffering and for
physical impairment were erroneous; and (4) the jury's damage award was manifestly
unjust and too small. 

Standards of Review We apply the usual standards of review. Sherman v. First Nat'l Bank, 760
S.W.2d 240, 242 (Tex. 1988) (legal sufficiency: examining the record for evidence
that tends to support the finding, while disregarding all evidence and inferences to the
contrary); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986) (factual sufficiency: 
determining, in light of the entire record, whether the finding is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust). 

Comparative Negligence


 In his first point of error, Plaintiff contends that the evidence was legally and
factually insufficient to show that he was 35% comparatively negligent.

 Defendant admitted that she should have waited before she proceeded past the
stop sign and that her failure to do so contributed to the collision. Plaintiff's lane of
traffic did not have a stop light or a stop sign. There was no evidence that Plaintiff
drove at an excessive rate of speed or failed to maintain a proper lookout. 
Accordingly, Plaintiff contends that the evidence is insufficient to show that he was
comparatively negligent. We disagree.

 Defendant testified that she crossed the three southbound lanes of Jones Road
and came to a complete stop in the 15-foot-wide median. She admitted that her rear
bumper may have been sticking out beyond the median. She looked to her right and
then turned left into the northbound lane when she was hit by Plaintiff. She testified
that her car was hit a second or two after entering the median and coming to a stop. 
Defendant had no idea how Plaintiff ended up hitting her car while she was in the
median. Exhibits admitted at trial showed that the damage to Defendant's car
occurred on the driver's side door. 

 Plaintiff, who testified with the assistance of an interpreter, explained that there
were cars in front of him in the two lanes to his right. However, his trial testimony
seemed to contradict his prior deposition testimony regarding the existence and
location of the other traffic. The evidence supports that no impact would have
occurred if Plaintiff had continued forward in his lane of traffic. Instead, there is
evidence that Plaintiff's car veered into the median when it struck Defendant's car,
which was stopped in the median waiting to turn. The jury found that Defendant was
65% negligent and Plaintiff was 35% negligent. We conclude that a reasonable finder
of fact could have concluded that Plaintiff had some fault in causing the accident. 

 We hold that there is legally and factually sufficient evidence to support the
jury's finding that Plaintiff was 35% negligent. 

 We overrule the first point of error.

Individual Damages Award


 In his second point of error, Plaintiff contends that the evidence was legally
and factually insufficient to support the award of medical care damages. In his third
point of error, Plaintiff contends that the jury's determinations of zero damages for
physical pain and suffering and physical impairment were erroneous. 

 The jury in this case did not answer separate questions for each element of
damages. Instead, the charge contained one broad-form damage question, as follows:

 What sum of money, if paid now in cash, would fairly and
reasonable compensate Plaintiff for her [sic] damages, if any, resulting
from the occurrence in question?


 Consider the elements of damages listed below and none
other. Consider each element separately. Do not include
damages for one element in any other element. Do not
include interest on any amount of damages you find.


 a. Physical pain and mental anguish.

 b. Lost wages.

 c. Physical impairment.

 d. Reasonable expenses of necessary medical care.

 The jury awarded Plaintiff a total amount of $18,124.85. However, the jury
also wrote the following dollar amounts beside each damage element:

 a. Physical pain and mental anguish. 0

 b. Lost wages. 5500

 c. Physical impairment. 0

 d. Reasonable expenses of necessary medical care. 13124.85


 In his second point of error, Plaintiff argues that the jury should have awarded
$17,688.85 in medical expenses instead of $13,124.85. Accordingly, he contends that
the evidence is insufficient to support the jury's notation of $13,124.85 for medical
expenses. In his third point of error, he argues that the evidence is insufficient to
support the jury's notations of zero for physical pain, mental anguish, and physical
impairment. 

 In Thomas v. Oldham, the Texas Supreme Court held that the jury's
"handwritten notation was not the jury's verdict; it merely reflected the jury's mental
processes in arriving at their verdict. . . .The jury's reasons for reaching a particular
verdict are irrelevant, at least in the absence of some overt act of misconduct." 895
S.W.2d 352, 360 (Tex. 1995) (citing First Nat'l Bank v. Zimmerman, 442 S.W.2d
674, 678 (Tex. 1969)). Therefore, we will not consider the jury's margin notations
as separate damage awards for purposes of evidentiary review. See id. at 359. 
Accordingly, Plaintiff may not attack the separate components of the damage award.

 We overrule the second and third points of error. 

Overall Damages Award


 In his fourth point of error, Plaintiff contends that the overall damage award
was legally and factually insufficient.


 A. Legal Sufficiency

 Plaintiff sought 11 weeks of lost earnings in the amount of $5,500, past
medical care expenses of $17,688.85, and damages for physical impairment, pain, and
suffering. He argues that, because of the nature of the accident, he should have been
awarded a significant amount for pain and suffering. He also argues that the jury
award is not justified unless the jury awarded zero damages for pain and suffering or
for physical impairment. As stated above in Plaintiff's second and third points of
error, we cannot consider the marginal notations in the jury charge. 

 When a damages issue is submitted in broad-form, an appellate court cannot
ascertain with certainty what amount of the damages award is attributable to each
element. Greater Houston Trans. Co. v. Zrubeck, 850 S.W.2d 579, 589 (Tex.
App.--Corpus Christi 1993, writ denied). Thus, a meaningful review on appeal of
damages questions submitted in broad-form may be difficult. Id. The only way that
a defendant can successfully attack a multi-element damages award on appeal is to
address each and every element and show that not a single element is supported by
sufficient evidence. Id. If there is just one element that is supported by the evidence,
the damages award will be affirmed. Id.

 A jury award should be an amount that would fairly and reasonably compensate
for a loss. Saenz v. Fidelity & Guar. Ins. Underwriters, 925 S.W.2d 607, 614 (Tex.
1996) (addressing mental-anguish valuation); Russell v. Ramirez, 949 S.W.2d 480,
487 (Tex. App.--Houston [14th Dist.] 1997, no writ) (addressing fair and reasonable
compensation for mental anguish, loss of companionship, and past and future
damages for son's death). The measure of damages in a personal injury case is not
subject to "precise mathematical calculation." Weidner v. Sanchez, 14 S.W.3d 353,
372 (Tex. App.--Houston [14th Dist.] 2000, no pet.). The jury has wide discretion
in resolving matters of pain and suffering, disfigurement, and impairment, and in
setting the amounts attributable thereto. Id.; Brookshire Bros., Inc. v. Wagnon, 979
S.W.2d 343, 354 (Tex. App.--Tyler 1998, pet. denied); Duron v. Merritt, 846 S.W.2d
23, 26 (Tex. App.--Corpus Christi 1992, no writ). Despite this broad discretion,
there must be some evidence to justify the amount awarded because a jury "cannot
simply pick a number and put it in the blank." Saenz, 925 S.W.2d at 614.

 At trial, Plaintiff testified that he had $5,500 in lost income. He stated that he
had great pain in his legs and his mouth when he went to the emergency room. The
emergency room records, however, indicate that he walked without impairment and
had only mild pain. 

 Dr. Anjali Jain testified that, although she did not treat Plaintiff, she reviewed
his files. She testified that Plaintiff appeared to have a pinched nerve and suffered
spasms and tenderness in his back. He also had a limited range of motion. She
explained that two doctors disagreed about the results of an MRI performed on
Plaintiff. She also testified about the reasonable and necessary fees from various
doctors. She agreed that the following doctors' bills were reasonable and necessary:
$550.35, $358, $44.50, $6,810, $2,800, and $250, for a total of $10,812.85. There
was also testimony that the dentistry bill of $4,507.50 was reasonable and necessary. From the evidence presented at trial, the jury could have awarded up to
$20,820.35 in damages; thus, the evidence was legally sufficient to support the jury's
award of $18,124.85.

 B. Factual Sufficiency

 In reviewing whether there was factually sufficient evidence to support the
award of damages, we note that "the jury is the exclusive judge of the facts proved,
the credibility of the witnesses and the weight to be given to their testimony." Dyson
v. Olin Corp., 692 S.W.2d 456, 458 (Tex. 1985). In assessing personal-injury
damages, the trier of fact has great discretion in fixing the amount of the damage
award. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1996). Opinions
and judgments of expert witnesses are not conclusive. Id. A jury generally may
disregard a doctor's testimony on both the necessity of treatment and on the causal
relationship between the accident and the plaintiff's complaints. See Johnson v. King,
821 S.W.2d 425, 428 (Tex. App.--Fort Worth 1991, writ denied). Expert testimony
as to whether an accident caused a particular injury is not binding upon a jury. Id.;
Hulsey v. Drake, 457 S.W.2d 453, 460 (Tex. Civ. App.--Austin 1970, writ ref'd
n.r.e.). Such evidence regarding expenses incurred has evidentiary significance but
is not binding on the jury. See Prati v. New Prime, Inc., 949 S.W.2d 552, 556 (Tex.
App.--Amarillo 1997, writ denied). 

 The jury was free to find that appellant had no compensable damages for
physical pain and mental anguish and had no physical impairment. Further, the jury
could have believed that appellant had damages only for past medical expenses and
loss of income. We hold that the evidence was factually sufficient to support the
jury's award of $18,124.85.

 We overrule the fourth point of error.

Conclusion


 We affirm the judgment of the trial court. 


 Adele Hedges

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (1)

Do not publish. Tex. R. App. P. 47.4.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.