NO. 07-08-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2008

______________________________


ANNA ROBERTS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

_________________________________

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4044; HON. FELIX KLEIN, PRESIDING

_______________________________
Â 
Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Anna Roberts, appellant, appeals a judgment revoking her probation or community
supervision. Via a single issue, she contends the trial court abused its discretion in doing
so. We affirm the judgment as modified.
Â 
Background
Â Â Â Â Â Â Â Â Â Â Appellant was convicted of delivering a controlled substance in a drug free zone and
received a ten year sentence. Thereafter, the trial court placed her on âshockâ probation
for a period of ten years. Within a year, however, the State moved to revoke her probation. 
That attempt being unsuccessful, it filed a second motion seeking the same relief. Through
it, appellant was accused of 1) committing two new offenses and 2) failing to make monthly
payments on her fine, court costs and fees, to complete her community service hours, to
reimburse the county for her court appointed attorney, to attend substance abuse
counseling, and to execute a pauperâs affidavit when she defaulted on her monthly
financial obligations. Appellant pled true to three of the six allegations, and the trial court
found that she had violated her probation by failing to 1) pay the fees due for the months
of June and July of 2007, 2) complete her community service hours, 3) attend substance
abuse counseling, and 4) execute the pauperâs affidavit. The latter three findings
encompassed the allegations to which she pled true. This led to the revocation of her
community supervision. 
Issue - Abused Discretion
Â Â Â Â Â Â Â Â Â Â Appellant contended in her single issue that the trial court abused its discretion in
revoking her probation. This was so because she allegedly was unable to perform the
duties imposed on her due to her purported financial condition, her purported time
commitments, information purportedly given her by her probation officer, and the same
officer purportedly neglecting to ask her to complete the pauperâs affidavit. We overrule
the issue.Â 
Â 
Â Â Â Â Â Â Â Â Â Â Standard of ReviewÂ Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Whether to revoke one's probation is a question which lies within the trial court's
considered discretion. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App.1987); Hunt
v. State, 5 S.W.3d 833, 834-35 (Tex. App.âAmarillo 1999, pet. refâd). Before that
discretion can be exercised in favor of revocation, it must be shown by a preponderance
of the evidence that the individual violated a term of his probation. See Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993) (requiring proof by a preponderance of the
evidence). Moreover, that burden can be satisfied by the accused pleading true to at least
one of the allegations levied by the State, even if the accused believed and attempted to
prove that he had a viable defense. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. [Panel Op.] 1979); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.]
1979). 
Â Â Â Â Â Â Â Â Â Â Analysis
Â Â Â Â Â Â Â Â Â Â As previously mentioned, appellant pled true to some of the allegations made in the
motion to revoke. Having done so, the trial court had basis to grant the motion. That she
may have had reasons which she believed justified her conduct matters not given her
pleas. More importantly, various of her excuses were subject to debate and dependent
upon her credibility. Thus, the trial court could well have opted not to believe her.
Consequently, we find no abused discretion on the part of the trial court in granting the
Stateâs motion. 
Â Â Â Â Â Â Â Â Â Â We do note, however, that appellant originally pled guilty to and was convicted of
delivering a controlled substance in a drug free zone. Yet, the judgment revoking her
probation described the conviction as possessing a controlled substance within a drug free
zone. Thus, we modify the latter judgment (dated February 8, 2008) to reflect the actual
conviction, that is, the delivery of a controlled substance in a drug free zone. 
Â Â Â Â Â Â Â Â Â Â So modified, we affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice


Do not publish.



g on an issue on which he does not have the burden
of proof, that party must demonstrate on appeal that there is no evidence to support the
adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). We consider all
the evidence in the light most favorable to the jury's verdict, indulging every reasonable
inference in favor of the prevailing party. Associated Indem. Corp. v. CAT Contracting, Inc.,
964 S.W.2d 276, 285-86 (Tex. 1998). A legal sufficiency point will be sustained when (a)
there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of
law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c)
the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the
evidence conclusively establishes the opposite of a vital fact. Merrell Dow Pharms. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799,
140 L.Ed.2d 939 (1998). If the record contains any evidence of probative force to support
the jury's finding, the legal insufficiency challenge must be overruled. ACS Investors Inc.
v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997).

 When a party attacks the factual sufficiency of an adverse finding on an issue on
which he has the burden of proof, he must demonstrate on appeal that the adverse finding
is against the great weight and preponderance of the evidence. Croucher, 660 S.W.2d at
58. The court of appeals must consider and weigh all of the evidence, and may only set
aside the finding if the evidence is so weak, or if the finding is so against the great weight
and preponderance of the evidence that it is clearly wrong and unjust. See Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex.1986), overruled on other grounds by Crown Life Ins.
Co. v. Casteel, 22 S.W.3d 378 (Tex. 2000). Thus, appellant's matter of law point would
only be valid if the evidence establishes conclusively that the parties had entered into a
contingent fee contract and if there is any evidence of probative force to raise a fact
question in that regard, his point must fail. Further, if in applying the rule, the court feels
that reversal is mandated, it must detail all of the relevant evidence and state in what
regard the contrary evidence greatly outweighs the evidence in support of the verdict. Pool
v. Ford Motor Co., 715 S.W.2d at 635. 

 If any finding is challenged for factual sufficiency of the evidence, all of the evidence
in the record must be reviewed. See Plas-Tex, Inc. v. U.S. Steel Corp. 772 S.W.2d 442,
445 (Tex. 1989). In order to require reversal, the jury's verdict must be so contrary to the
overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. 
See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). If there is conflicting evidence on a
disputed fact question, it is the sole and peculiar province of the jury to judge the credibility
of the witnesses and assess the weight to be given their testimony in order to arrive at the
answer deemed the most reasonable. In discharging its function, the jury has the sole right
to believe all, some, or none of the testimony of the witnesses. Benoit v. Wilson, 150 Tex.
273, 239 S.W.2d 792, 796-97 (1951). We are not authorized to set aside a jury verdict
merely because the jury might have drawn a different conclusion from the evidence. Id at
797.

 The gist of appellant's argument under this first point is that, because under the
evidence, there was no definite agreement as to the amount of Davis' fee, his fee must
have been a contingent one. If it was a contingent fee agreement, he reasons, it would be
invalid because it is not in writing and thus fails to meet the legal requirements that a
contingent fee agreement should be in writing and signed by the attorney and the client or
it is voidable by the client. See Tex. Gov't Code Ann. §82.065 (Vernon 1998); Tex.
Disciplinary R. Prof'l Conduct 1.04, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app.
A (Vernon 1998). 

 Under this record, the jury could reasonably have deduced that there was no
meeting of the minds between appellant and Davis other than the $5,000 non-refundable
retainer and that Davis contended he would seek recovery of the remainder of his fee on
a quantum meruit basis, with one of the aids to the jury in arriving at a figure that they might
consider a percentage of the amount recovered. In Texas, the parties to a contract may
agree upon some terms of a contract, and understand them to be a contract and yet leave
other terms of the agreement to be made later. Scott v. Ingle Bros. Pacific Inc., 489
S.W.2d 554, 555 (Tex. 1972). Moreover, it is a corollary of the rule that as to those terms
left for future discussion, that portion of the agreement is not part of the enforceable portion
of the contract. Thus, the resolution of the difference between appellant and Davis as to
whether there was or was not an agreement as to the manner and amount of the remainder
of Davis' fee was a factual dispute within the province of the jury to resolve. Appellant's first
point is overruled. 

 In his next two points, appellant contends the evidence does not support 1) the jury's
answer to question 1 that the parties did not have an agreement as to attorney's fees, and
2) that appellant was not to pay Davis an attorney's fee of $150 per hour plus expenses
with a minimum fee charge of $5,000. Our discussion and disposition of appellant's first
point foreshadows our disposition of these two points. We have discussed in considerable
detail above both the factual evidence and the law pertaining to measuring the factual
sufficiency to sustain the jury's answers to questions submitted to them. Suffice it to say
that we find the evidence sufficient to sustain the jury's answer to both questions. 
Appellant's second and third points are overruled. 

 In his fourth point, appellant argues that the evidence is not sufficient to support the
jury's answer to jury question 3 which inquired if the parties agreed to an unspecified fee
following the application of the original $5,000 paid by appellant. Under the evidence we
have set out above, in particular that of Davis, the jury acted within its province in resolving
any factual conflicts in favor of Davis and in finding there was such an agreement.
Appellant's fourth point is overruled.

 In jury question 4, the trial court inquired if Davis performed compensable work for
appellant. In his fifth point, appellant contends as a matter of law that the jury's affirmative
answer to that question cannot be used to support a quantum meruit judgment. Quantum
meruit is an equitable theory of recovery which is based upon an implied agreement to pay
for benefits received. Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc., 787 S.W.2d 942,
944 (Tex. 1990). To recover under that doctrine, a plaintiff must establish that: 1) valuable
services and/or materials were furnished 2) to the party sought to be charged 3) which
were accepted by the party sought to be charged and 4) under such circumstances as
reasonably notified the recipient that the plaintiff in performing expected to be paid. Id. 
The right to recover in quantum meruit does not grow out of the contract, but is independent
of it. The right is based upon a promise implied by law to pay for beneficial services
rendered and knowingly accepted. Campbell v. Northwestern National Life Ins. Co., 573
S.W.2d 496, 498 (Tex. 1978). Thus, the doctrine could be applicable in instances such as
this one. See Enochs v. Brown, 872 S.W.2d 312, 320 (Tex. App.-Austin 1994, no writ),
overruled on other grounds by Roberts v. Williamson, 111 S.W.3d 113 (Tex. 2003). 
Appellant's fifth point is overruled.

 In his sixth point, appellant contends the evidence does not support the jury's finding
that Davis performed compensable work for appellant. Our disposition of appellant's
preceding points foreshadows our disposition of this point. Suffice it to say, we hold the
evidence, if accepted by the jury, which it obviously was, is sufficient to sustain that jury
finding. 

 In his seventh point, appellant argues the evidence is not sufficient to support the
jury's finding in response to question 5 that $40,000 would be a reasonable fee for an
appeal to the Court of Appeals. In addition to the evidence we have discussed above,
appellant introduced into evidence Davis' letter to appellant dated July 27, 1999. In that
letter, Davis refers to his opinion that the parties had never actually agreed to a total fee
arrangement and, based upon some factors he lists, suggests that a fee of $45,000 "would
not be unreasonale [sic]." He then suggests that the $5,000 retainer previously paid be
credited on that fee, leaving a balance due of $40,000. In Prati v. New Prime, Inc., 949
S.W.2d 552 (Tex. App.-Amarillo 1997, pet. denied), we had occasion to discuss a point
challenging a jury award of damages. Because of the similarity of the awards, that
discussion is applicable here. We pointed out that because the jury is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, the jury has
considerable discretion, and the mental processes by which a jury determines the amount
of damages is ordinarily not cognizable by an appellate court and where the law does not
provide a precise legal measure of damages, the amount is generally within the discretion
of the jury. Id. at 555. The evidence in this case is sufficient to sustain the jury's finding
that $40,000 was a reasonable fee. Appellant's seventh point is overruIed. 

 In summary, all of appellant's points are overruled and the judgment of the trial court
is affirmed. 

 John T. Boyd

 Senior Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. Â§75.002(a)(1) (Vernon Supp. 2004-2005). 
2. Bill A. Davis was afflicted with throat cancer at the time of the deposition and died
prior to the trial of this underlying suit.