NO. 07-99-0488-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 2, 2001

_____

JUDITH HOWELL PONCE, APPELLANT

V.

MARIA SANDOVAL, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 30,361; HONORABLE LEE WATERS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Judith Howell Ponce, defendant in the trial court, appeals from a judgment by which the trial court disregarded jury findings as to past and future medical expenses of appellee Maria Sandoval, plaintiff in the trial court. The trial court entered judgment against Ponce, notwithstanding the verdict, for amounts greater than the jury found. We reverse and render judgment in accordance with the jury findings.

# I. BACKGROUND

On June 20, 1995, an automobile being driven by appellant Judith Howell Ponce ran over Maria Sandoval's left foot and brushed Sandoval's lower leg ("the occurrence"). Sandoval sought medical treatment for her injuries at a local hospital emergency room. X-rays taken at the emergency room and records of examinations by emergency room medical personnel showed preexisting changes in her left foot and in both of her knees. Medical personnel noted that the injury from the accident appeared "minimal." The emergency room records noted that Sandoval's blood pressure was elevated and a diagnosis of hypertension (high blood pressure) was made. Sandoval returned to the emergency room several times following June 20, 1995, with symptoms consistent with hypertension and physical findings of high blood pressure. On one occasion she was admitted to the intensive care unit for observation due to elevated blood pressure. Sandoval sued Ponce. The case was tried to a jury.

Evidence at trial included testimony as to Sandoval's physical condition before and after the occurrence and records of the hospital and the emergency room. A medical expert, Dr. Robert Philips, testified on behalf of Sandoval. He explained that numerous causes exist for hypertension, with the major cause being idiopathic or essential hypertension. Idiopathic or essential hypertension is hypertension from unknown causes. Dr. Philips had never examined or seen Sandoval in a clinical setting, but examined her medical records the day before he testified. The records did not include records of any medical treatments from before the occurrence.

Philips testified that in his opinion, to a reasonable medical probability, Sandoval's hypertension was caused by the occurrence. Dr. Philips further opined that the medical expenses incurred by Sandoval in her multiple visits to the emergency room, her confinement in the intensive care unit for observation, and in obtaining her prescriptions for blood pressure medicine were related to the occurrence. Those expenses totaled $8,167.15. Dr. Philips testified that Sandoval would probably incur regular expenses for blood pressure checkups, laboratory work and blood pressure medication for the rest of her life, that those expenses would be necessary because of the occurrence, and that the expenses would probably be $600 per year. On cross-examination, the doctor agreed that (1) the medical records reflected a bone spur in Sandoval's left foot and arthritis in both of her knees which pre-existed the occurrence; (2) the only medical record reflecting complaints by Sandoval about her foot or leg as a result of the occurrence was the emergency room record of June 20th; (3) an occurrence like the one of June 20th typically would not cause hypertension, but could cause an episode of elevated blood pressure; (4) the medical records reflected an episode of elevated blood pressure following a subsequent fall at home; and (5) the medical records reflected that Sandoval did not comply with instructions about how to care for her high blood pressure condition, although he opined that the record was in error as to Sandoval's noncompliance. The record contains no proof that Sandoval would incur future medical expenses resulting from the occurrence except for expenses claimed as a result of her hypertension.

The jury found negligence of Ponce was 51% of the cause of the occurrence and negligence of Sandoval was 49% of the cause of the occurrence. The jury was instructed,

3

in substance, that in answering the damages question, no amount should be awarded for conditions which (1) did not result from the occurrence, (2) pre-existed the occurrence, except to the extent any preexisting conditions were aggravated by injuries resulting from the occurrence, or (3) resulted from Sandoval's failure to properly care for her injuries from the occurrence. The jury found that the following sums would fairly and reasonably compensate Sandoval for her injuries resulting from the occurrence:

| | |
|---|---|
| 3(a) Physical pain and mental anguish in the past | $500 |
| 3(b) Physical pain and mental anguish that, in reasonable probability, Maria Sandoval will sustain in the future | $0 |
| 3(c) Loss of earning capacity sustained in the past | $400 |
| 3(d) Loss of earning capacity that, in reasonable probability, Maria Sandoval will sustain in the future | $0 |
| 3(e) Medical care in the past | $1600 |
| 3(f) Medical care that, in reasonable probability, Maria Sandoval will incur in the future | $0 |

Judgment was entered in favor of Sandoval on the jury's verdict for $275, after allowing for appropriate credits and reductions for the negligence findings.

By her First Amended Motion for Judgment *Non Obstante Veredicto*, for Additur and/or for New Trial, Sandoval requested the trial court to enter judgment notwithstanding the jury's verdict in regard to past medical expenses and future medical expenses, or to make an additur to the verdict. She also urged that the jury findings of zero damages for future physical pain, mental anguish and loss of earning capacity was so against the weight of the evidence as to be manifestly unjust. Sandoval prayed for judgment *nov* or additur

4

as to the past and future medical expenses; or, in the alternative, that if judgment *nov* was not entered as she requested, that she be granted a new trial.

The trial court chose the first of the courses of action which it was invited to take by Sandoval. In a letter to the parties, the trial court stated that an additur would be ordered to the amounts found by the jury. The judgment entered, however, recited that the court found that (1) the jury answers as to past and future medical expenses were supported by no evidence, (2) the jury answers as to past and future medical expenses were so against the weight and preponderance of the evidence as to be manifestly wrong and unjust, (3) the undisputed medical testimony was that Sandoval's reasonable and necessary medical expenses in the past were in the aggregate amount of $8,167.15 and that no bill or combination of bills added up to $1,600, and (4) the undisputed medical testimony was that Sandoval's reasonable and necessary expenses for medical care in the future are $15,300. The judgment then, as to medical expenses, (1) ordered that the jury's answers as to reasonable and necessary expenses for medical care in the past and future "are overturned and held for naught," (2) stated that the court found the proper judgment notwithstanding the jury's verdict should be the sum of $8,167.15 for medical expenses in the past and $15,300.00 for medical expenses in the future, and (3) granted judgment in favor of Sandoval based on the amounts of past and future medical expenses found by the court, in conjunction with the findings made by the jury as to Sandoval's other damages and the apportioned negligence of the parties.

Ponce moved the trial judge to reconsider his ruling on the basis that the jury's finding as to past medical was supported by evidence, and that the zero finding for future

medical was apparently based on the jury's failure to find Sandoval's hypertension causally related to the auto accident. Ponce also moved the court to enter judgment in accordance with the original judgment which was based on the jury's findings. The motions filed by Ponce were denied.

By three issues Ponce asserts that the trial court erred in disregarding the jury findings and entering judgment for amounts of medical expenses in excess of the amounts found by the jury. Issue one urges that the trial court erred in granting Sandoval's First Amended Motion for Judgment *Non Obstante Veredicto*, for Additur and/or for New Trial. Issue two asserts that the trial court's action infringed upon her right to have factual controversies resolved by jury trial as guaranteed by Article 1 § 15 of the Texas Constitution. Issue three claims error by the trial court in disregarding the jury's damage findings of past and future medical expenses. Ponce prays that we reverse and render judgment reflecting the findings of the jury, including the amount of medical expenses found by the jury, with appropriate credits and offsets.

Sandoval responds by urging that Ponce did not properly preserve error for review as to any of her three issues, and that the trial court did not abuse its discretion in granting her motion for judgment *nov.* She also asserts, by six cross-points that: (1) the jury's finding of $1600 for past medical expenses was not supported by any evidence, (2) the finding for past medical expenses was against the overwhelming weight of evidence so as to be manifestly wrong and unjust, (3) the jury's finding of zero for future medical expenses was not supported by any evidence, (4) the jury's finding of zero for future medical expenses was against the overwhelming weight of evidence so as to be manifestly wrong

6

and unjust, (5) the jury's finding of zero for loss of wage earning capacity in the future was not supported by any evidence and (6) the jury's finding of zero for loss of wage earning capacity in the future was so against the overwhelming weight of evidence as to be manifestly wrong and unjust. Sandoval prays that we affirm the trial court judgment, or that if we sustain any of Ponce's issues, we remand for a new trial.

## II. DID THE TRIAL COURT ERR IN GRANTING ADDITUR
## OR IN DISREGARDING JURY FINDINGS

### A. Law

When a jury renders a verdict, the trial judge is mandated to enter judgment thereon unless the verdict is set aside, a new trial is granted, or judgment is rendered notwithstanding the verdict or jury finding according to the Texas Rules of Civil Procedure. TEX. R. CIV. P. 300.[1] The judgment must conform to the pleadings, the nature of the case proved and the verdict. See TRCP 301; First Nat'l Bank v. Zimmerman, 442 S.W.2d 674, 678 (Tex. 1969).

The Rules of Civil Procedure do not provide for "additur" by courts to increase the amount found as damages by juries in response to jury questions such as the questions and findings involved in this appeal. Compare TRCP 315 (any party in whose favor a judgment has been rendered may remit any part thereof). A trial court is limited in the actions which it may take in regard to a jury finding on damages. If a jury finding has no

---

[1]Further references to rules of civil procedure will be by reference to "TRCP_." Additionally, references to rules of appellate procedure will be by reference to "TRAP ___."

support in the evidence, the finding may be disregarded. See TRCP 301; Gulf, Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 470-71, 312 S.W.2d 933, 937 (1958); Campbell v. C.D. Payne & Geldermann Sec., 894 S.W.2d 411, 419 (Tex.App.--Amarillo 1995, writ denied). If the evidence was conclusive as to the matter so that no fact question remained to be resolved by the jury and a directed verdict would have been proper, then the finding may also be disregarded. See TRCP 301; Deen, 158 Tex. at 470-71, 312 S.W.2d at 937; Campbell, 894 S.W.2d at 419. If legally sufficient evidence supports a finding of damages, but the jury's damage finding is manifestly too small or too large, a new trial may be granted, see TRCP 320, but that is all that may be done. See Deen, 158 Tex. at 470-71, 312 S.W.2d at 937. That is, no court is free to simply substitute its judgment for that of the jury, see Larson v. Cactus Utility Co., 730 S.W.2d 640, 641 (Tex. 1987), or to reweigh the evidence, set aside a jury finding and make a different finding merely because the court feels a different result is more reasonable. See Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986). It is only when the evidence conclusively establishes a different finding from that of the jury that a court may disregard the jury finding and substitute the court's finding for that of the jury. See Campbell, 894 S.W.2d at 419; Scharer v. John's Cars, Inc., 776 S.W.2d 228, 231 (Tex.App.--El Paso 1989, writ denied).

If the trial court disregards a jury finding and enters judgment *nov* and such action is challenged on appeal, the appellate standard of review is whether the jury finding was supported by legally sufficient evidence. See Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). A jury finding is not based on legally sufficient evidence if: (a) there is

8

a complete absence of evidence to support the finding, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove the matter found, (c) the evidence offered to prove the matter found is no more than a mere scintilla, or (d) the evidence conclusively establishes a different finding. See Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). When a party bears the burden of proof and the jury fails to find for that party, a legal sufficiency of the evidence challenge to the jury's failure to find for the party entails two inquiries. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). First, the record must be examined for evidence that supports the jury's failure to find for the party with the burden of proof. Second, if there is no evidence to support the failure to make a finding, then the entire record must be examined to see if a different proposition is established as a matter of law. Id.

In reviewing legal sufficiency issues, only evidence and inferences tending to support the jury's findings are considered, and evidence to the contrary is disregarded. See Mancorp, Inc., 802 S.W.2d at 227-28. The review is of the evidence and inferences to be drawn from the evidence as they tend to support the jury's findings, and not as they tend to support the judgment *nov* entered by the trial court. Id.

The factfinder, whether jury or trial court in a bench trial, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. See Leyva v. Pacheco, 163 Tex. 638, 641, 358 S.W.2d 547, 549 (1962). The factfinder may believe one witness and disbelieve another. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). The factfinder resolves inconsistencies in testimony. Id.

9

The mental processes by which a jury determines the amount of damages is ordinarily not cognizable by an appellate court. See Thomas v. Oldham, 895 S.W.2d 352, 359-60 (Tex. 1995); Zimmerman, 442 S.W.2d at 678; Prati v. New Prime, Inc., 949 S.W.2d 552, 555 (Tex.App.--Amarillo 1997, writ denied).  Where the law does not provide a precise legal measure of damages, the amount to be awarded is generally within the discretion of the jury.  See id.  In assessing personal injury damages, the trier of fact has great discretion in fixing the amount of the damage award.  See McGalliard, 722 S.W.2d at 697. Opinions and judgments of expert witnesses are not conclusive on the trier of fact.  Id.  A jury generally may disregard a doctor's testimony on both the necessity of treatment and on the causal relationship between the accident and the plaintiff's complaints.  See Johnson v. King, 821 S.W.2d 425, 428 (Tex.App.--Fort Worth 1991, writ denied).  Expert testimony as to whether an accident caused a particular injury is not binding upon a jury. Id.; Hulsey v. Drake, 457 S.W.2d 453, 460 (Tex.Civ.App.--Austin 1970, writ ref'd n.r.e.). And, such evidence regarding expenses incurred has evidentiary significance but is not binding on the jury.  See Prati, 949 S.W.2d at 556.

## B.  Analysis

We first consider Sandoval's argument that Ponce did not preserve error.  The first judgment entered by the trial court reflected the jury verdict.  It was only upon Sandoval's motion that the trial court entered judgment disregarding the jury findings.  Ponce opposed the motion to disregard the jury findings, both by written motion and oral argument.  In both instances Ponce asserted that the jury's findings as to past medical were supported by evidence, and that the jury's failure to find a greater amount for past medical expenses was

10

within the jury's prerogative in evaluating the credibility of Sandoval's claim and evidence that her hypertension and expenses for its treatment were caused by the occurrence. Ponce also asserted that the jury's failure to find future medical expenses was likewise within the jury's discretion in evaluating the credibility of Sandoval's claim and evidence that her hypertension and expenses for its treatment were caused by the occurrence. The record of the hearing on Sandoval's motion to disregard the jury's findings reflects that the trial judge clearly understood Ponce's contentions and the issues posed.

After the trial court entered its judgment notwithstanding the jury's findings as to past and future medical expenses, Ponce filed a Motion to Reconsider by which she contended that the judgment *nov* was improper because the jury findings at issue were supported by factually and legally sufficient evidence. In her motion Ponce cited appropriate authorities. Ponce also moved the trial court to re-enter the original judgment which was based on the jury findings. Both motions were overruled.

Ponce timely advised the trial court of her complaint with specificity, clearly requested the relief she sought, and the trial court ruled on her request. She preserved error as to issues one and three. See TRAP 33.1(a); Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999). Because we find issues one and three determinative of Ponce's appeal, we need not address Sandoval's contention that Ponce did not preserve error as to issue two.

We next address Ponce's issues one and three complaining that the trial court erred in granting judgment notwithstanding the jury's verdict and in disregarding the jury findings

11

on past and future medical expenses. The effect of entry of judgment based on the granting of Sandoval's First Amended Motion for Judgment *Non Obstante Veredicto*, for Additur and/or for New Trial, was that the trial court determined that the jury findings of expenses for past and future medical resulting from the occurrence were supported by legally insufficient evidence. Unless the findings were supported by legally insufficient evidence, the trial court had no authority to disregard the amounts found by the jury. See TRCP 301; Deen, 158 Tex. at 470-71, 312 S.W.2d at 937; Campbell, 894 S.W.2d at 419; Scharer, 776 S.W.2d at 231. The trial court was not authorized to enter judgment for an amount in excess of the amounts found by the jury merely because the jury findings were so against the weight and preponderance of the evidence as to be manifestly unjust, see TRCP 320; Deen, 158 Tex. at 470-71, 312 S.W.2d at 937.

The language of Sandoval's motion and the trial court's letter and judgment referencing "no evidence" to support the finding of $1,600 for past medical can only mean that Sandoval and the trial court could not determine the jury's thought processes and how the jury arrived at its answer, which was less than the amount Dr. Philips opined was reasonable and necessary; not that there was an absence of evidence to support an answer of at least $1,600. Clearly there was evidence to support a finding of at least $1,600, for the motion contended and the trial court found that evidence proved *more* than the $1,600 found by the jury.

Neither Ponce nor Sandoval disputed the fact that Sandoval's foot was run over by the automobile Ponce was driving, that Sandoval went to the emergency room for treatment, and that the first emergency room visit was necessary. The existence of

Sandoval's hypertension was not in dispute. Whether Sandoval's hypertension was causally related to the occurrence was disputed. Dr. Philips opined that it was related. Dr. Philips also testified that heredity was a factor in hypertension, there were many causes for hypertension but its major cause was unknown, twenty percent of the population had hypertension, fifty percent of the population over age 65 had hypertension and often patients did not know they had hypertension until after testing was done. He agreed that although Sandoval did not report a history of hypertension, there was no way of being sure whether she was hypertensive before the accident without having had her blood pressure tested.

Evidence in the record would have supported a finding by the jury that Sandoval's past medical expenses resulting from the occurrence were greater than $1,600. But, evidence also was legally sufficient to support a finding that Sandoval's past medical expenses resulting from the occurrence were $1,600, even though the trial court and Sandoval could not fathom the exact mental processes of the jury in reaching its finding. The questions of existence of preexisting conditions, aggravation of any such preexisting conditions, and whether Sandoval failed to properly care for her injuries, if any, from the occurrence were properly entrusted to the jury by the court's charge. The jury was charged to answer the questions posed to it based on the credible evidence and testimony before it, as the jury determined such evidence fit within the instructions and questions in the jury charge.

The opinion and judgment of Dr. Philips, as an expert witness, was not conclusive on the issues of the causal relationship of all of Sandoval's medical conditions or expenses

13

to the occurrence - either those in the past, or those in the future. See McGalliard, 722 S.W.2d at 697. His opinions were only evidentiary as to the relationship of such expenses to the occurrence and the amounts of such expenses. See Prati, 949 S.W.2d at 555-56. The jury was free to disregard his opinion on such matters as they considered and weighed all of the evidence and judged the appearance and credibility of the witnesses, including Dr. Philips, and the weight to give the different parts of the evidence and testimony. See Johnson, 821 S.W.2d at 428; Hulsey, 457 S.W.2d at 460.

We conclude that the jury's finding of $1,600 for past medical expenses is supported by legally sufficient evidence. We likewise conclude that (1) the jury's failure to find that Sandoval would incur future medical expense as a result of the occurrence is supported by legally sufficient evidence, and (2) the evidence is not conclusive as to whether she would incur future medical expense as a result of the occurrence, or the amount of any such expenses. Accordingly, the trial court erred in disregarding the findings of the jury as to Sandoval's medical expenses in the past and those which she would incur in the future as a result of the occurrence, and in entering judgment *nov* for past expenses for medical care in the amount of $8,167.15 and future expenses for medical care in the amount of $15,300. We sustain Ponce's first and third issues.

## IV. CROSS-POINTS: WERE THE JURY FINDINGS SUPPORTED
## BY LEGALLY OR FACTUALLY SUFFICIENT EVIDENCE
### A. Legal Sufficiency

By cross-points one, and three, Sandoval challenges the legal sufficiency of the evidence to support the jury findings of her medical expense in the past and medical

14

expense in the future. In reaching our conclusion as to Ponce's first and third issues we have determined that legally sufficient evidence supports the jury's findings of past and future medical expenses. Our reasoning and conclusions as to Ponce's first and third issues are determinative of Sandoval's cross-points one and three, and those cross-points are overruled.

In her cross-point five, Sandoval urges that the jury's finding of zero damages for loss of wage earning capacity in the future is not supported by any evidence. She thus challenges the legal sufficiency of the evidence to support the finding. She does not, however, assert that some specific amount was established as a matter of law.

Sandoval's cross-point highlights the difficulty with a legal sufficiency challenge to a jury finding of zero damages by the party with the burden of proof in a tort case. Even if, in accordance with the first prong of our analysis for legal sufficiency, we were to determine that there is no evidence to support the finding, Sandoval does not assert that a particular sum of money has been conclusively established by the evidence. See Sterner, 767 S.W.2d at 690. Therefore, her challenge fails the second part of the legal sufficiency analysis which requires that we examine the entire record to see if a different proposition is established as a matter of law. Id. The different or "contrary proposition" in regard to Sandoval's cross-point addressing loss of earning capacity in the future, is an amount of money for such loss. See Jones v. Wallingsford, 921 S.W.2d 463, 464 n.1 (Tex.App.--Eastland 1996, no writ). A court of appeals exceeds its authority when it implies a finding of actual damages in tort because a court of appeals cannot make original findings of fact, it can only "unfind" facts. Bellefonte Underwriters Ins. Co. v. Brown, 704

S.W.2d 742, 745 (Tex. 1986). Thus, where there is no contrary or different position from the jury finding established as a matter of law so that judgment can be rendered for that different amount, a legal sufficiency challenge will be overruled. See Jones, 921 S.W.2d at 464 n.1. Accordingly, Sandoval's fifth cross-point is overruled.

## B. Factual Sufficiency

By cross-points two, four and six, respectively, Sandoval asserts that should we sustain any of Ponce's issues, then the case should be remanded for a new trial because the jury's findings as to her expenses for past medical care, future medical care and future loss of wage earning capacity are so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. See TRAP 38.2(b). We disagree.

If a finding is challenged for factual sufficiency of the evidence, all of the evidence is reviewed, Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986), both favorable and contrary to the findings. In re King's Estate, 150 Tex. 662, 664-65, 244 S.W.2d 660, 661 (1951). We reverse on the basis of factual insufficiency only if the verdict is so against the great weight and preponderance of the evidence that it is manifestly erroneous or unjust. Id. In making our determination as to factual sufficiency assertions, we do not reweigh the evidence and set the verdict aside merely because we feel that a different result is more reasonable. Pool, 715 S.W.2d at 634. The factfinder, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Leyva, 163 Tex. at 641, 358 S.W.2d at 549. The factfinder resolves inconsistencies in testimony. See McGalliard, 722 S.W.2d at 697.

16

Medical records were introduced to document Sandoval's treatment following the occurrence. Those records showed that her complaints at the initial emergency room visit following the occurrence focused on her foot and leg. Subsequently, her complaints and treatments focused on her blood pressure difficulties and physical symptoms compatible with hypertension. The records reflected findings of EKG changes and reports of chronic anxiety. Evidence documented preexisting arthritic changes to both of her knees and boney growths on her heel. Her medical records noted instances in which she did not comply with instructions on care of her hypertension condition. Dr. Philips opined that he believed the records were in error as to such notations of noncompliance, but he had not discussed Sandoval's case with the medical providers or Sandoval herself.

The jurors were charged to observe the witnesses, evaluate their demeanor and the credibility of their testimony and resolve inconsistencies in the evidence. The evidence clearly demonstrated physical trauma to Sandoval's lower extremity resulting from the occurrence. The jury had to determine the extent and duration of the trauma's effects. While the jury's determinations might be different from those a trial court or appellate court might have made, our review of all the evidence leads us to conclude that the findings are not so against the great weight and preponderance of all the evidence as to be manifestly erroneous or unjust. We overrule Sandoval's cross-points two, four and six.

CONCLUSION

Having sustained Ponce's issues challenging entry of judgment notwithstanding the verdict, and having overruled Sandoval's cross-points seeking to vitiate the jury verdict, we

17

reverse the judgment of the trial court. We render judgment that Maria Sandoval recover the sum of $1,275 from Judith Howell Ponce, less any credits or offsets due on such amount, together with interest and taxable court costs in the trial court. We remand the case to the trial court for entry of judgment in accordance with this opinion, including determination and allowance of credits and offsets due to Ponce and for determination of interest on the judgment. Costs of appeal are assessed against Sandoval.


                                                    Phil Johnson
                                                    Justice


Publish.