NO. 07-04-0389-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 8, 2005
_____

DENNIS WYNN FISHER and wife, JEAN M. FISHER,

Appellants

v.

DEFORD PROPERTIES, a partnership, HOMER H. DEFORD, individually,
and DEFORD LUMBER CO., a limited partnership,

Appellees
_____

FROM THE 173rd DISTRICT COURT OF HENDERSON COUNTY;

NO. 91A-495; HON. JACK H. HOLLAND, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellants Dennis Wynn Fisher and his wife Jean M. Fisher (the Fishers) appeal from a take-nothing judgment entered in their lawsuit against appellees DeFord Properties, Homer H. DeFord and DeFord Lumber Co. (collectively referred to as "DeFord"). In that lawsuit, the Fishers sought an injunction to prevent DeFord from interfering with their use of a 30 foot wide easement across the property of DeFord and damages from past

interference with the use of that easement.[1]  In two issues, the Fishers contend 1) the evidence is legally and factually insufficient to support the trial court's conclusion that they "did not sustain their burden of proof by a preponderance of the evidence and did not establish any measure of damages with a reasonable degree of certainty," and 2) the trial court erred in refusing to enter additional findings of fact and conclusions of law.  We affirm the judgment of the trial court.

The Veterans Land Board of Texas owns a 40-acre tract of land in Henderson County which is surrounded by land owned by DeFord.  The Land Board also has a 30-foot easement across the property of DeFord by which to gain access to the 40-acre tract of land.  The Fishers have a contract for deed with the Veterans Land Board for the 40 acres.  No improvements are currently situated on the property.  The Fishers complain of interference with their use of the easement during the years 1985 through 1991.

### Issue 1 - Sufficiency of the Evidence

In their first issue, the Fishers argue that the evidence does not support the trial court's findings of fact.  The trial court found that neither DeFord nor its agents, servants, or employees committed any acts that interfered with or hindered the use and benefit of the easement.  More specifically, the court found that DeFord did not:

a.  place hay bales, farm equipment or other obstructions on the easement which interfered with Plaintiffs' use thereof:

b.  construct a tank on lands owned by Defendants that diverted water onto the easement way;

---

[1]DeFord counterclaimed against the Fishers, and the court ordered that DeFord take nothing on the counterclaim.  That portion of the court's judgment has not been appealed.

2

c. construct a barn or other improvements on the boundary line of the easement that interfered with Plaintiffs' use thereof;

d. remove any trees adjoining or within the easement or recontour . . . Defendants' land in any way that resulted in changing or rechanneling the flow of water in any way such as to destroy the easement way and interfere with Plaintiffs' use thereof.

A trial court's findings of fact have the same weight, force, and dignity as a jury's verdict. *Krabbe v. Anadarko Petroleum Corp.,* 46 S.W.3d 308, 314 (Tex. App.–Amarillo 2001, pet. denied). To determine if the evidence is legally sufficient to support a finding, all the record evidence and inferences must be viewed in a light favorable to the finding, and if anything more than a scintilla of evidence exists, the finding is legally sufficient. *Id.* In a factual sufficiency review, we review all the evidence and reverse only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* at 314-15.

Homer DeFord testified that 1) he and his employees trimmed some overhanging limbs on trees which belonged to him but never cut down any trees from the easement area or trimmed brush on the easement, 2) he cleaned and enlarged a tank which existed on the left side of the easement when he bought his land, but the elevation of the tank is lower than the easement and does not divert water onto the easement, 3) he and his employees never changed the contour of the land, 4) the first or second year he stored some hay along the easement which took up four feet of the 30-foot easement, but never did so again after the Fishers complained, 5) an eight foot wide fertilizer truck was parked on the easement one time for a day or two, 6) he never did anything to his land or the adjoining area that created a problem on the easement and he never interfered with the easement

3

rights, 7) because the Fishers left the gate open, he installed locks on the gate but gave the Fishers a key, and 8) he was not required to maintain the easement.

David Anderson, who worked as ranch foreman for DeFord during the relevant years, testified that 1) the land was never recontoured, 2) he used a bulldozer to clear some brush around a tree but there was no change to the flow of the water on the land, 3) he trimmed a hanging limb and also observed the Fishers trimming trees, 4) the barn is built off of the easement, 5) the fence is built on the edge of the easement and does not interfere with its use, 6) he provided the Fishers with a lock so they had access to the easement, 7) he parked a fertilizer truck on the easement on one or two occasions, 8) he did not plant any trees on the easement, and 9) the water edge from the tank does not reach the easement. The trial court also had photographs before it from which to observe the location of the barn, fence, and tank, the condition of the easement, and the location of trees.

Dennis Fisher testified that he had to cut trees and install a concrete crossing to make the easement passable. Although his testimony as to acts of interference was contradictory to some if not most of the evidence presented by DeFord, in a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Sterquell v. Scott,* 140 S.W.3d 453, 461 (Tex. App.–Amarillo 2004, no pet.); *Ponce v. Sandoval,* 68 S.W.3d 799, 806 (Tex. App.–Amarillo 2001, no pet.). The trial court also resolves inconsistencies in the evidence. *Ponce v. Sandoval,* 68 S.W.3d at 806. The evidence cited above constitutes more than a scintilla of evidence to support the trial court's findings. Furthermore, when the record is considered as a whole, it is not so against the

4

great weight and preponderance of the evidence as to be manifestly unjust. Therefore, the sufficiency issues are overruled.

### *Issue 2 - Additional Findings of Fact and Conclusions of Law*

In their second issue, the Fishers complain that the trial court failed to enter additional requested findings of fact and conclusions of law. We overrule the issue.

The findings and conclusions sought by the Fishers contradict those actually entered by the trial court. It is clear that a trial court does not err in refusing to issue additional findings that are encompassed within its former findings but contradict them. *Asai v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118, 121 (Tex. App.–El Paso 1996, no writ). That is the circumstance here.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

5