NO. 07-07-0043-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 11, 2007


______________________________



IN THE INTEREST OF J.L.W.M., A CHILD


_________________________________



FROM THE COUNTY COURT AT LAW #1 OF RANDALL COUNTY;



NO. 4234-L-1; HONORABLE JAMES W. ANDERSON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Johnny Lewis Monk, brings this accelerated appeal of the trial court's
order terminating his parental rights and appointing J.L.W.M.'s mother, Carolyn Monk, as
permanent managing conservator. In two issues, Monk contends that (1) the trial court
erred in failing to determine whether Monk was indigent and, therefore, entitled to
appointment of counsel and (2) the trial court erred in failing to appoint counsel to
represent Monk. We affirm.

 The appeal of a final order rendered under Subchapter E of Chapter 263 of the
Texas Family Code is governed by the rules of the Texas Supreme Court for accelerated
appeals in civil cases and the procedures set forth in Family Code section 263.405. See
Tex. Fam. Code Ann. § 263.405(a) (Vernon Supp. 2006). (1) When a suit affecting the
parent-child relationship is filed by the Texas Department of Family and Protective Services
("DFPS") and DFPS is appointed temporary managing conservator during the suit's
pendency, a final order terminating the parent-child relationship is an order rendered under
Subchapter E of Chapter 263. The present case was a suit filed by DFPS seeking
termination of Monk's parental rights and DFPS was appointed temporary managing
conservator of J.L.W.M. during the pendency of the suit. Therefore, the accelerated
appeal of the trial court's final order in this case is governed by the procedures set forth in
section 263.405.

 Section 263.405 requires a party intending to appeal a final order rendered under
Subchapter E to file with the trial court a statement of points upon which the party intends
to appeal no later than 15 days after the final order is signed. § 263.405(b). The
statement of points may be included within a motion for new trial or separately. Id. An
appellant's failure to timely file a statement of points does not deprive the appellate court
of jurisdiction over the appeal; rather, it is necessary to preserve a point for appellate
review. In re R.C., No. 07-06-0444-CV, 2007 Tex.App. LEXIS 3208, at *2
(Tex.App.-Amarillo April 25, 2007, no pet. h.). 

 While many Texas courts have questioned the practical application and
constitutional validity of section 263.405, see id., at *3 n.5, all of the Texas appellate courts
that have addressed the issue have agreed that the clear language of the statute prohibits
appellate courts from considering points which were not properly preserved by the timely
filing of a statement of points. See id., at *3 n.6. We agree with our sister courts that the
application of this statutory requirement can have harsh results and we implore the
legislature to revisit this issue, but we are obligated to apply the statute as written in cases
in which it applies. See id., at *6-*9 (Quinn, C.J., concurring).

 The final order in this case was signed on February 5, 2007. Monk, acting pro se,
timely filed a Notice of Appeal on February 23, 2007. Monk also filed a Motion to Appeal
Lower Court's Decision, which includes a statement of points relating to the trial court's
denial of counsel to Monk, on February 26, 2007. (2) Because Monk failed to timely file his
statement of points with the trial court, he did not preserve any error for appeal. 
Accordingly, we cannot consider the issues raised in Monk's appellate brief. 

 We affirm the trial court's order.


 Mackey K. Hancock

 Justice




1. Further references to provisions of the Texas Family Code will be by reference to
"Chapter __," "section __," or "§ __."
2. Monk filed his Motion to Appeal Lower Court's Decision with this court on February
22, 2007, two days past the section 263.405 deadline. This court forwarded this motion
to the district court and it was filed there on February 26. Monk contends that application
of the mailbox rule, see Tex. R. Civ. P. 5, would allow this court to deem the document
timely filed. However, for the mailbox rule to apply, the document must have been sent "to
the proper clerk." Id. Section 263.405(b) requires that a statement of points be filed with
the trial court. Thus, the mailbox rule does not apply to this document.


t of land and ordering Garcia to vacate the land. We
affirm.
Factual and Procedural Background
          Gomez and Barnabe Trevino were divorced in 1990. As part of their divorce,
Gomez conveyed her interest in a tract of land in Lubbock County to Trevino. Later, by a
2001 deed, Trevino conveyed that property to Gomez in forgiveness of back child support
he owed her.
          Garcia, an associate of Trevino, has resided on the property since 2001. In
September 2003, Gomez filed suit against Garcia alleging conversion, interference and
trespass claims. Garcia filed a general denial. Thereafter, Gomez amended her petition
to include a request for a declaratory judgment that she be adjudicated the true owner of
the real property in question. Trevino was not made a party to the suit.
          The case was tried to the bench.


 Gomez, Garcia and Trevino testified. Testimony
showed that Garcia had provided funds by which Trevino had redeemed the property in
1997 after tax authorities had sold it for back taxes, and had since provided funds for
improvements and for the payment of taxes on the property. The trial court’s judgment
declared Gomez to be the owner of the land and ordered Garcia to vacate the property. 
This appeal followed.
 
 
Issue
          Garcia’s appellate issue reads: “After being tried by consent, the Trial Court erred
in not considering Promissory Estoppel as a defense to the Statute [of] Frauds claim by
[Gomez].” We interpret the issue as challenging the legal sufficiency of the evidence
supporting the trial court’s failure to find in favor of Garcia on a promissory estoppel
theory.


 AnalysisGarcia contends Trevino had promised to convey two acres from the tract to him in
consideration of his provision of funds for redemption of the property and for payment of
taxes. Garcia’s only pleading was his general denial. Gomez contends Garcia’s failure to
plead his affirmative defense of promissory estoppel bars the defense. Garcia responds
it was tried by consent. For purposes of this opinion, we assume, without deciding, that
Garcia is correct that his promissory estoppel defense was tried by consent.
          In a bench trial, it is the role of the trial court to resolve inconsistencies in the
evidence. Ponce v. Sandoval, 68 S.W.3d 799, 806 (Tex. App.–Amarillo 2001, no pet.). 
The trial court, as fact finder, is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Sterquell v. Scott, 140 S.W.3d 453, 461 (Tex.
App.–Amarillo 2004, no pet.). The finder of fact may accept or reject any part or all of a
witness’s testimony. Vickery v. Commission for Lawyer Discipline, 5 S.W.3d 241, 255 n.5
(Tex.App.–Houston [14th Dist.] 1999, pet. denied). It may believe one witness and
disbelieve others. Id.
          Here, no findings of fact or conclusions of law were made. The record contains no
request for findings or conclusions. Tex. R. Civ. P. 296. On appeal, this court therefore
must presume the trial court made all fact findings necessary to support its judgment. Zac
Smith & Co., Inc. v. Otis Elevator Co., 734 S.W.2d 662, 667 (Tex. 1987). Because the
record contains a reporter’s record of the trial, however, the sufficiency of the evidence
supporting the implied findings of fact may be challenged. BMC Software Belgium, N.V.
v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002); Roberson v. Robinson, 768 S.W.2d 280,
281 (Tex. 1989).
          It was Garcia’s burden at trial to prove all the essential elements of his promissory
estoppel defense. See Boy Scouts of America v. Responsive Terminal Sys., Inc., 790
S.W.2d 738, 743 (Tex.App.–Dallas 1990, writ denied) (holding burden of proving
promissory estoppel is on party asserting the doctrine). Garcia cites “Moore” Burger, Inc.
v. Phillips Petroleum Co., 492 S.W.2d 934 (Tex. 1972), in which the Supreme Court held
courts will enforce an oral promise to sign an instrument complying with the Statute of
Frauds if: (1) the promisor should have expected the promise would lead the promisee to
some definite and substantial injury; (2) such injury occurred; and (3) the court must
enforce the promise to avoid injustice. Id. at 934; see Nagle v. Nagle, 633 S.W.2d 796,
800 (Tex. 1982) (applying “Moore” Burger). 
 
          An appellant attacking the legal sufficiency of evidence supporting an adverse
finding on an issue on which he had the burden of proof must show on appeal that the
evidence establishes, as a matter of law, all vital facts in support of the issue. Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). Because Garcia had the
burden of proof on his promissory estoppel defense, his challenge to the evidence must
fail if the trial court’s finding is supported by more than a scintilla of evidence. See id. 
Further, even if no evidence appears to support the finding, we must examine the entire
record to determine whether the contrary proposition is established as a matter of law. Id. 
A proposition is established as a matter of law when a reasonable fact finder could draw
only one conclusion from the evidence presented. See City of Keller v. Wilson, 168
S.W.3d 802, 814-16 (Tex. 2005). Garcia’s appellate challenge may be sustained only if the
contrary proposition is conclusively established. Dow Chem. Co., 46 S.W.3d at 241, citing
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983); Raw Hide Oil & Gas, Inc. v. Maxus
Exploration Co., 766 S.W.2d 264, 276 (Tex.App.–Amarillo 1988, writ denied). 
          Even assuming, arguendo, that no evidence supported the trial court’s implied
finding, after examining the entire record, we could not conclude that Garcia established 
his promissory estoppel defense as a matter of law. We need look no further than the
evidence supporting his contention Trevino made a promise to convey him two acres from
the property deeded to Gomez. In support of that vital fact, Garcia points to the following
testimony:
 
          Q.       (By Mr. Garcia)        The roof on the house and the improvements that I
have done to the place there, the road, who provided
the funds for that?
          A.       (By Mr. Trevino)      You did.
          Q.                                       Besides the 10,500 [dollars] I helped as much–Mr.
Trevino, after you go into the pen, what happened to
the two acres? 
You deeded the land to Ms. Gomez and can you tell the
Court here with the intention of the two acres coming
back to Frank Garcia?
          A.                                       Well, I thought she was going to do the right thing and
give you the two acres, but, I mean, she don’t want to
now. And I told her a bunch of times that, “Just do what
is right, and you could have lost the whole thing, you
know, and could have ended up with nothing, but”--
          Q.                                       Do you recall a statement from Ms. Gomez that she
was not interested in the land no more?
          A.                                       Yeah.
          Q.                                       That she was willing to give up the land? Particularly
this summer–or the past summer, not this summer, but
the summer before, she had a–she was in a bind . . . .
And how much money did she take away from me, or
borrowed, or got it for the taxes, with the understanding
that the land was going to be conveyed to–the two
acres?
          A.                                       I don’t remember. About three hundred, one time, and
maybe seven hundred, another time.
 
          Garcia also refers to Gomez’s testimony, in which she agreed that, when Trevino
conveyed the land to her, he told her “about the two acres that were supposed to be
deeded to [Garcia].” Elsewhere, Gomez agreed with her counsel that Garcia “alleges to
have loaned money to [Trevino] in order for [Trevino] to redeem the property from the
individual who bought it,” and “alleges that [Trevino] promised to deed Frank Garcia two
of the eight subject acres to this lawsuit in exchange for Mr. Garcia giving him money to
redeem that property[.]” During his testimony, Garcia also testified to the fact that Gomez
was “supposed to deed me the two acres.”


 We note also that Trevino acknowledged
during his testimony that he understood the need for “something in writing” to convey the
two acres to Garcia.
          Based on this testimony, reasonable minds could differ on the question whether
Trevino promised to execute a deed to Garcia for two acres from the tract. While it seems
clear that Garcia expected to receive the two acres, and believed Trevino or Gomez was
“supposed” to convey them, the evidence of a promise by Trevino to do so is less than
conclusive. See Nagle, 633 S.W.2d at 800. Garcia has not shown that his promissory
estoppel defense to Gomez’s claims was established as a matter of law.


 Accordingly, we
overrule his appellate point and affirm the trial court’s judgment.
 
James T. Campbell

Justice