NO. 07-06-0403-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 26, 2008

_____

FRANK GARCIA, APPELLANT

v.

LYDIA GOMEZ, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-523,605; HON. RUBEN REYES, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Frank Garcia appeals from the trial court's judgment finding appellee Lydia Gomez to be the owner of a tract of land and ordering Garcia to vacate the land. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

## Factual and Procedural Background

Gomez and Barnabe Trevino were divorced in 1990. As part of their divorce, Gomez conveyed her interest in a tract of land in Lubbock County to Trevino. Later, by a 2001 deed, Trevino conveyed that property to Gomez in forgiveness of back child support he owed her.

Garcia, an associate of Trevino, has resided on the property since 2001. In September 2003, Gomez filed suit against Garcia alleging conversion, interference and trespass claims. Garcia filed a general denial. Thereafter, Gomez amended her petition to include a request for a declaratory judgment that she be adjudicated the true owner of the real property in question. Trevino was not made a party to the suit.

The case was tried to the bench.[2] Gomez, Garcia and Trevino testified. Testimony showed that Garcia had provided funds by which Trevino had redeemed the property in 1997 after tax authorities had sold it for back taxes, and had since provided funds for improvements and for the payment of taxes on the property. The trial court's judgment declared Gomez to be the owner of the land and ordered Garcia to vacate the property. This appeal followed.

---

[2] Although earlier represented by counsel, Garcia appeared *pro se* at trial. He is again represented by counsel on appeal.

Issue

Garcia's appellate issue reads: "After being tried by consent, the Trial Court erred in not considering Promissory Estoppel as a defense to the Statute [of] Frauds claim by [Gomez]." We interpret the issue as challenging the legal sufficiency of the evidence supporting the trial court's failure to find in favor of Garcia on a promissory estoppel theory.[3]

Analysis

Garcia contends Trevino had promised to convey two acres from the tract to him in consideration of his provision of funds for redemption of the property and for payment of taxes. Garcia's only pleading was his general denial. Gomez contends Garcia's failure to plead his affirmative defense of promissory estoppel bars the defense. Garcia responds it was tried by consent. For purposes of this opinion, we assume, without deciding, that Garcia is correct that his promissory estoppel defense was tried by consent.

In a bench trial, it is the role of the trial court to resolve inconsistencies in the evidence. *Ponce v. Sandoval*, 68 S.W.3d 799, 806 (Tex. App.–Amarillo 2001, no pet.). The trial court, as fact finder, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Sterquell v. Scott*, 140 S.W.3d 453, 461 (Tex. App.–Amarillo 2004, no pet.). The finder of fact may accept or reject any part or all of a

---

[3] Our interpretation is supported by appellant's prayer for relief, which asks that we reverse the trial court's judgment and render judgment in his favor.

3

witness's testimony. *Vickery v. Commission for Lawyer Discipline,* 5 S.W.3d 241, 255 n.5 (Tex.App.–Houston [14th Dist.] 1999, pet. denied). It may believe one witness and disbelieve others. *Id.*

Here, no findings of fact or conclusions of law were made. The record contains no request for findings or conclusions. Tex. R. Civ. P. 296. On appeal, this court therefore must presume the trial court made all fact findings necessary to support its judgment. *Zac Smith & Co., Inc. v. Otis Elevator Co.,* 734 S.W.2d 662, 667 (Tex. 1987). Because the record contains a reporter's record of the trial, however, the sufficiency of the evidence supporting the implied findings of fact may be challenged. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex. 2002); *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex. 1989).

It was Garcia's burden at trial to prove all the essential elements of his promissory estoppel defense. *See Boy Scouts of America v. Responsive Terminal Sys., Inc.*, 790 S.W.2d 738, 743 (Tex.App.–Dallas 1990, writ denied) (holding burden of proving promissory estoppel is on party asserting the doctrine). Garcia cites *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex. 1972), in which the Supreme Court held courts will enforce an oral promise to sign an instrument complying with the Statute of Frauds if: (1) the promisor should have expected the promise would lead the promisee to some definite and substantial injury; (2) such injury occurred; and (3) the court must enforce the promise to avoid injustice. *Id*. at 934; *see Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982) (applying *"Moore" Burger*).

4

An appellant attacking the legal sufficiency of evidence supporting an adverse finding on an issue on which he had the burden of proof must show on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001) (per curiam)*.* Because Garcia had the burden of proof on his promissory estoppel defense, his challenge to the evidence must fail if the trial court's finding is supported by more than a scintilla of evidence. *See id.* Further, even if no evidence appears to support the finding, we must examine the entire record to determine whether the contrary proposition is established as a matter of law. *Id.* A proposition is established as a matter of law when a reasonable fact finder could draw only one conclusion from the evidence presented. *See City of Keller v. Wilson,* 168 S.W.3d 802, 814-16 (Tex. 2005). Garcia's appellate challenge may be sustained only if the contrary proposition is conclusively established. *Dow Chem. Co.,* 46 S.W.3d at 241, *citing Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.,* 766 S.W.2d 264, 276 (Tex.App.–Amarillo 1988, writ denied).

Even assuming, arguendo, that no evidence supported the trial court's implied finding, after examining the entire record, we could not conclude that Garcia established his promissory estoppel defense as a matter of law. We need look no further than the evidence supporting his contention Trevino made a promise to convey him two acres from the property deeded to Gomez. In support of that vital fact, Garcia points to the following testimony:

| | | |
|---|---|---|
| Q. | (By Mr. Garcia) | The roof on the house and the improvements that I have done to the place there, the road, who provided the funds for that? |
| A. | (By Mr. Trevino) | You did. |
| Q. | | Besides the 10,500 [dollars] I helped as much–Mr. Trevino, after you go into the pen, what happened to the two acres? |
| | | You deeded the land to Ms. Gomez and can you tell the Court here with the intention of the two acres coming back to Frank Garcia? |
| A. | | Well, I thought she was going to do the right thing and give you the two acres, but, I mean, she don't want to now. And I told her a bunch of times that, "Just do what is right, and you could have lost the whole thing, you know, and could have ended up with nothing, but"-- |
| Q. | | Do you recall a statement from Ms. Gomez that she was not interested in the land no more? |
| A. | | Yeah. |
| Q. | | That she was willing to give up the land? Particularly this summer–or the past summer, not this summer, but the summer before, she had a–she was in a bind . . . . And how much money did she take away from me, or borrowed, or got it for the taxes, with the understanding that the land was going to be conveyed to–the two acres? |
| A. | | I don't remember. About three hundred, one time, and maybe seven hundred, another time. |

Garcia also refers to Gomez's testimony, in which she agreed that, when Trevino conveyed the land to her, he told her "about the two acres that were supposed to be deeded to [Garcia]." Elsewhere, Gomez agreed with her counsel that Garcia "alleges to have loaned money to [Trevino] in order for [Trevino] to redeem the property from the individual who bought it," and "alleges that [Trevino] promised to deed Frank Garcia two of the eight subject acres to this lawsuit in exchange for Mr. Garcia giving him money to

redeem that property[.]" During his testimony, Garcia also testified to the fact that Gomez was "supposed to deed me the two acres."[4] We note also that Trevino acknowledged during his testimony that he understood the need for "something in writing" to convey the two acres to Garcia.

Based on this testimony, reasonable minds could differ on the question whether Trevino promised to execute a deed to Garcia for two acres from the tract. While it seems clear that Garcia expected to receive the two acres, and believed Trevino or Gomez was "supposed" to convey them, the evidence of a promise by Trevino to do so is less than conclusive. *See Nagle*, 633 S.W.2d at 800. Garcia has not shown that his promissory estoppel defense to Gomez's claims was established as a matter of law.[5] Accordingly, we overrule his appellate point and affirm the trial court's judgment.

James T. Campbell
Justice

---

[4] Garcia also points to testimony concerning a letter written him by Gomez's attorney during the pendency of the litigation. The letter lends no support to Garcia's claim that Trevino promised to convey to him two acres of the land deeded to Gomez.

[5] We express no opinion whether success on Garcia's promissory estoppel defense would entitle him to any affirmative relief he may have sought.