**Reversed and Remanded and Majority and Dissenting Opinions filed July 12, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00348-CV

### JAQUELIA TYCHELLE JEFFERSON, Appellant

### V.

### SONIA PARRA, Appellee

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2018-14320

## DISSENTING OPINION

I agree with the majority's decision to reverse the judgment notwithstanding the verdict, but I cannot join the majority's decision to grant a new trial. The majority grants that relief on the basis that the evidence is factually insufficient to support the jury's zero-damages award—or at least that appears to be the basis for the majority's decision. The majority never utters the phrase "factually insufficient," or any of its grammatical variations. The majority never recites the standard for a factual sufficiency review. And the majority never performs the comparative analysis

demanded of that sort of review. Even if the majority had performed that necessary review, its decision would still be demonstrably wrong.

## I. Standard of Review

As an alternative to her request for JNOV, Parra moved for a new trial, claiming that the evidence was factually insufficient to support the jury's zero-damages award. Because she was the party attacking the jury's adverse finding on an issue for which she had the burden of proof, Parra was required to show that the zero-damages award was against the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). When deciding whether Parra satisfied this burden, we must consider and weigh all of the evidence, and we can only conclude that the zero-damages award is factually insufficient if the evidence was so weak or the finding was so against the great weight and preponderance of the evidence that it was clearly wrong and manifestly unjust. *Id.*

## II. There was a staggering amount of evidence in support of the jury's zero-damages award.

When a party has alleged injuries that are primarily of a subjective nature, and there is no directly observable or objective evidence that an injury has occurred, a fact issue is created which much be determined solely by the jury. *Szmalec v. Madro*, 650 S.W.2d 514, 517 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Such was the case here, and based on the following factors, the jury had a substantial basis for not awarding Parra any damages:

**1. The nature of the collision.** The car wreck was a low-speed "bump," per the defendant. The plaintiff called it a "hit," with no description of the severity or even how her body moved from the "hit." The damage to the bumper of the car was

2

minimal. The plaintiff's child in the backseat was not injured and did not even cry because of the accident.

**2. The credibility of the plaintiff.** The plaintiff did not report a prior car wreck injury to her doctors. She injured her lower back and had chiropractic care for six weeks. The plaintiff switched chiropractors—not returning to the previous provider. She was impeached several times in her testimony—contradicting her deposition—on the cause of her neck injury and not reporting the prior accident. She also testified that she fainted after the spinal injection but her doctor said he had no memory of that, nor was it in his records.

**3. The nature of the injury—sore neck and back.** The plaintiff did not complain of pain at the time of the accident. The plaintiff did not seek emergency medical care and did not even take any over-the-counter medications. The plaintiff never discussed the accident with her primary care doctor. Her x-rays, taken two weeks after the accident, were normal. An MRI, taken six weeks after the accident, showed disc protrusions, with an acute injury in the lower back. The doctor recommended a steroid injection for both her neck and back but she chose only to do the back. Her pain ultimately went away—after she stopped the chiropractic care and after she rejected the doctor's advice that she should have another injection.

**4. Alternative causes of lower back pain.** The plaintiff has a two-year-old child (at the time of the accident) that she picks up and gets in and out of a car seat. The plaintiff assists her mother in and out of a wheelchair as her mother is disabled. The plaintiff did weight-training before (and after) the accident.

**5. The medical bills themselves.** The medical bills are all unpaid. No one testified that all of the medical bills were reasonable and necessary for her injury. The plaintiff testified that the chiropractic treatment "sort of" helped. The plaintiff testified that the steroid injection "sort of" helped. The plaintiff never testified that

she was going to pay the bills or that she was financially responsible for them. The doctor did not testify about the bills at all.

**6. The doctor's testimony.** The doctor testified that he believes that the plaintiff's complaints were caused by the car wreck because that is what she told him. He has no knowledge of the severity of the accident. The doctor is a pain-management specialist who performs steroid injections on the neck or spine, ten to thirty times a day, three days a week. (He billed the plaintiff over $8000 for the one shot he gave her.) Even when he calls an MRI finding "acute" without a prior study, he cannot date the finding.

All of these facts support a zero-damages award for the medical bills. A reasonable jury could conclude that the plaintiff was not injured from this minor collision and that the unpaid medical bills were not reasonable or necessary. Indeed, appellate courts across this state (including our own) have routinely concluded that there was ample evidence to support a zero-damages award after a jury finds liability in a car wreck case. Take the following examples:

- *Ford v. Chapman*, No. 05-96-00622-CV, 1998 WL 337859, at *4 (Tex. App.—Dallas June 26, 1998, no writ) (reversing a JNOV that awarded medical bills that a jury did not award and denying a new trial);

- *Gutierrez v. Martinez*, No. 01-07-00363-CV, 2008 WL 5392023, at *7 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008, no pet.) (mem. op.) (upholding a zero-damages award for stipulated liability and denying new trial);

- *Imamovic v. Milstead*, No. 01-13-01030-CV, 2015 WL 505383, at *5–6 (Tex. App.—Houston [1st Dist.] Feb. 5, 2015 no pet.) (mem. op.) (upholding a zero-damages award with stipulated liability and denying new trial);

4

- *Rumzek v. Lucchesi*, 543 S.W.3d 327 (Tex. App.—Fort Worth 2017, pet. denied ) (upholding a zero-damages award for medical bills with liability and denying new trial);

- *Sanders v. Perez*, No. 05-97-00454-CV, 1999 WL 318860, at *4 (Tex. App.—Dallas May 21, 1999, no pet.) (reversing a JNOV for past medical bills after jury awarded zero damages and denying new trial);

- *Vasquez v. Hildenbrand*, No. 01-06-01067-CV, 2008 WL 1827642, at *4–5h1 Apr. 24, 2008, no pet.) (mem. op.) (upholding a zero-damages award when liability was found despite doctor's testimony on causation and denying new trial);

- *Walker v. Ricks*, 101 S.W.3d 740 (Tex. App.—Corpus Christi 2003, no pet.) (reversing a JNOV for medical bills despite doctor's testimony on causation and on the reasonableness of the medical bills and denying new trial);

- *Walker v. Scopel*, No. 14-14-00411-CV, 2016 WL 552197, at *4–5 (Tex. App.—Houston [14th Dist.] Feb. 11, 2016, no pet.) (mem. op.) (upholding a zero-damages award despite doctor's testimony and denying new trial);

- *Ponce v. Sandoval*, 68 S.W.3d 799 (Tex. App.—Amarillo 2001, no pet.) (reversing a JNOV increasing medical bills award from the amount found by the jury and denying new trial).

## III. The countervailing evidence does not demonstrate that the zero-damages award was clearly wrong and manifestly unjust.

By not addressing any of the previously discussed evidence, the majority skips the "quintessential" step in a factual sufficiency review, which is the comparative analysis of the evidence in support of the challenged finding and any countervailing

evidence. *See Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 733 (Tex. 2020) (per curiam). Instead, the majority leaps to the conclusion that a new trial should be granted because there was "uncontroverted" evidence from a doctor that the plaintiff suffered an acute injury.

The majority fails to appreciate the black-letter law that the jury is free to disregard a doctor's testimony on both the necessity of treatment and the causal relationship between the accident and the plaintiff's complaints. *See Johnson v. King*, 821 S.W.2d 425, 428 (Tex. App.—Fort Worth 1991, writ denied); *see also McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986) (opinions of expert witnesses are not conclusive on the trier of fact). And of course, there were reasons for the jury not to credit the doctor's uncontroverted opinion, as discussed above. Those reasons demonstrate that the jury's zero-damages award was not clearly wrong and manifestly unjust.

## IV.    This case is important.

Car wreck cases are the bread-and-butter civil trials throughout this state. The vast majority of cases that go to trial are very similar to this one: low-speed with minimal damage to the car. This particular fact scenario—bills for four weeks of chiropractic care followed by epidural steroid injections, all unpaid—is also extremely common. Ask any trial judge or car wreck lawyer. Or look at the jury verdicts and settlements on Westlaw.

The majority's holding that the plaintiff has proved her entitlement to some unspecified amount of damages, as a matter of law, because the defendant failed to "controvert" the medical testimony will require the defendants in all car wreck cases to hire an expert to controvert the plaintiff's expert. This will increase the costs for both sides in these cases. (And not lead to a better result for the plaintiffs.)

If a jury had awarded damages in this case, I would have upheld that result. But the jury did not, and my colleagues should also uphold the jury verdict. Because they do not, I dissent.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant. (Poissant, J., majority).