# NO. 12-21-00004-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEONDRA LEACH,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE CITY OF TYLER,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Leondra Leach appeals the trial court's summary judgment rendered in favor of Appellee City of Tyler. In two issues, Leach argues that the written claims notice submitted by his employer, Ameri-Tex Services, adequately invoked jurisdiction under the Texas Torts Claims Act (TTCA) and the City's charter. We affirm.

## BACKGROUND

Leach brought the instant suit against the City, in which he alleged that he suffered personal injuries when an improperly secured piece of oriented strand board (OSB) flew from a City "roll-off" truck as it passed the Ameri-Tex owned truck Leach was driving on Farm to Market Road 2767 near a landfill in Smith County, Texas. According to his allegations, the OSB struck the truck he was driving and entered the driver's side window, before striking him in the head. Leach sought to recover in excess of $200,000.00 in damages for his injuries.

Prior to his filing suit, Ameri-Tex informed Leach that it would submit a notice of claim to the City on his behalf along with its notice regarding the damage sustained by its truck. It did so by utilizing a "Claims Notice" form made available by the City to satisfy the notice requirements under the TTCA and the City's charter. The form contained several pertinent sections including the following: name of claimant; date, time, and location of incident;

1

description of damage to property; description of injuries sustained; description of how incident occurred; and amount claimed.

Ameri-Tex listed only itself as claimant, filled out the sections for date, time, and location, and described its property damage as "Damaged Driver Side Mirror ($207.19)." Under the "injuries sustained" section, it identified Leach, listed his address and phone number, and described his injuries as "Head contusion and neck strain." It then described how the incident occurred as follows:

> Leondra had just left the landfill. Approx. a few miles down 2767, Leondra passed a City of Tyler rolloff truck. A piece of OSB wood flew from the roll-off truck, struck our driver side mirror, entered the driver side window and struck Leondra in the head. Republic [Land Fill] pulled surveillance & saw a City of Tyler roll-off enter the landfill shortly after we left. GPS shows we turned around at 12:15 p.m. and headed back to landfill.

In response to the "amount claimed" section, Ameri-Tex listed only the previously mentioned repair costs for its truck's rearview mirror of $207.19.

After Leach filed suit, the City filed a no-evidence motion for summary judgment, in which it argued that Leach had no evidence that he complied with the presuit notice requirement. Leach filed a response to the City's motion, in which he contended that the notice submitted by Ameri-Tex provided adequate notice of his personal injury claim under the TTCA and the City's charter. The trial court granted the City's motion and dismissed Leach's suit with prejudice. This appeal followed.

### ADEQUACY OF NOTICE UNDER THE TTCA

In his first issue, Leach argues that the claims notice form Ameri-Tex purportedly submitted on his behalf adequately gave the City notice of his personal injury claim under the requirements of its charter.[1] In his second issue, he argues that Ameri-Tex's failure to fill out the section of the form, which inquired about the make, model, and year of the City's vehicle along with the identity of the driver is not fatal to the notice because such information is not required under the City's charter.

---

[1] The parties do not dispute that any agreement between Ameri-Tex and Leach regarding its submitting the claims form on his behalf was unknown to the City.

2

**Standard of Review and Governing Law**

The Tort Claims Act requires a plaintiff to provide written notice of his claim to a governmental unit within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West 2019). "The notice reasonably must describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *Id.*; *see also City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018) (notice must convey that (1) death, injury, or property damage occurred, (2) governmental unit's fault that produced or contributed to death, injury, or property damage, and (3) identity of parties involved). Claimants also must comply with any proper time requirements for notice that a city has adopted by charter or ordinance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(b) ("A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved"); *Tenorio*, 543 S.W.3d at 775. Here, the City's charter requires written notice of claim within thirty days after the injuries or damages were sustained. *See* Tyler, Tex., Charter, art. IX § 79 (1990) ("Miscellaneous Provisions;" "Notice of claim for damage or injury"). Notice serves the purpose of "alerting governmental entities of the need to investigate claims." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 64 (Tex. 2019); *Metro. Transit Auth. of Harris Cty. v. Carr*, 616 S.W.3d 659, 660 (Tex. App.–Houston [14th Dist.] 2021, no pet.).

Compliance with the notice provision is jurisdictional. *Colquitt v. Brazoria Cty.*, 324 S.W.3d 539, 543 (Tex. 2010). Generally, whether a governmental unit had notice timely is a question of law. *See Worsdale*, 578 S.W.3d at 66. We review the issue de novo if the evidence is undisputed. *Id.* Similarly, we review issues of statutory interpretation de novo. *See Cadena Commercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). When reviewing the meaning of statutory terms, we interpret undefined terms according to their ordinary meaning. *Tex. Dep't of Crim. Justice v. Rangel*, 595 S.W.3d 198, 208 (Tex. 2020). We typically look to dictionary definitions to determine a term's common, ordinary meaning. *Id.*

**Discussion**

In the instant case, the undisputed evidence demonstrates that Ameri-Tex used the City's claims notice form timely to submit information regarding the incident at issue. However, its use of the City's form as the vehicle for this notice provided additional context with which that

information was conveyed to the City. The context provided by the form is important for two reasons.

First, Ameri-Tex listed itself alone as the "claimant" and omitted Leach's name from that field. From its outset, Section 101.101(a) speaks to the governmental unit's entitlement to receive a notice of a *claim* along with the damage or injury *claimed*. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (emphasis added); *claim*, *claimant*, THE AMERICAN HERITAGE DICTIONARY (2nd ed. 1982) ("claim" defined as "a demand for something as one's rightful due: *filed a claim for losses*[;]" "claimant" defined as "a person making a claim"). Thus, Ameri-Tex's decision to omit Leach's name as a "claimant" reasonably could be construed as its intention to state that it was the sole claimant.

Second, in the "amount of claim" section, Ameri-Tex listed only its property damages of $207.19 and made no reference to any damages for Leach's alleged injuries, not even to note that such damages, though yet undetermined, were the subject of a claim on Leach's part. This omission by Ameri-Tex strongly supports the City's contention that while Leach undoubtedly is referenced as a person who sustained injuries, that fact does not, without more, convey that he was seeking recompense for those injuries. Had Ameri-Tex made some reference to Leach's damages in the "amount of claim" section, even if such damages were described as "unknown at this time," its earlier omission of Leach as a "claimant" would be less critical to the adequacy of the notice.

Further still, Ameri-Tex's limiting the "amount of claim" to its property damage alone is important for another reason—the purpose of the notice requirement under the TTCA. In ***Texas Department of Public Safety v. Anderson***, we considered the matter of whether the Department of Public Safety (DPS) received actual notice of a potential claim following a car accident where, among other things, the record reflected that a DPS officer, within days of the accident, went to the local DPS office and told DPS employees there, as well as a DPS maintenance officer, the details of the accident along with his opinion that the accident was caused by a faulty condition in the roadway. *See **Tex. Dep't of Pub. Safety v. Anderson***, No. 12-07-00268-CV, 2008 WL 186867, at *1–3 (Tex. App.–Tyler Jan. 23, 2008, no pet.) (mem. op.). There, we discussed the Texas Supreme Court's clarification of its interpretation of the term "actual notice," wherein it stated as follows:

> [T]he second requirement for actual notice was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the alleged injury. . . . If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

*Id.*, 2008 WL 186867, at *3–4 (citing **Tex. Dep't of Crim. Justice v. Simons**, 140 S.W.3d 338, 347 (Tex. 2004), *superceded by statute as stated in* **Worsdale**, 578 S.W.3d at 64–66).[2]  We reasoned that when the State receives notice pursuant to Section 101.101(a), it not only has an awareness of its fault as ultimately alleged but also an incentive to investigate the allegations to assess its exposure to liability because it no longer is protected by the shield of sovereign immunity. *See* **Anderson**, 2008 WL 186867, at *4. In comparing actual knowledge to written notice, we described the "perceived peril" created by notice under Section 101.101(a). *See id.* We further suggested that because the evidence supported the annual occurrence of a substantial number of automobile accidents on Texas roads, it is reasonable that a governmental unit's knowledge of an accident's occurrence, without more, does not equate to the notice required by Section 101.101(a). *See id.* (citing **Cathey v. Booth**, 900 S.W.2d 337, 341 (Tex. 1995)). Ultimately, we held that the officer's statement to the aforementioned DPS employees did not impute actual knowledge to DPS. *See* **Anderson**, 2008 WL 186867, at *5.

Here, Leach does not contend that the City had actual knowledge of his claim, but our analysis in **Anderson** is helpful nonetheless. *See* **Tenorio**, 653 S.W.3d at 776 (information required for actual knowledge is same as is required for notice under Section 101.101(a)). In addition to notice that the governmental unit's fault produced or contributed to the death, injury, or property damage, the notice also must identify the parties involved. *See id.* Just as failure to inform a governmental unit of its alleged fault in contributing to an accident does not convey the "perceived peril" that would serve the notice requirement's purpose of incentivizing that

---

[2] When the facts do not even imply the governmental unit's fault, they are legally insufficient to provide actual notice. **Worsdale v. City of Killeen,** 578 S.W.3d 57, 64 (Tex. 2019). A governmental unit need only achieve subjective awareness of fault "as ultimately alleged by the claimant." *See id.* In other words, there must be subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted. *Id.* The standard necessarily is subjective, because lack of formal notice is excused only by actual, not constructive, notice. *Id.* Yet at the same time, subjective awareness of alleged fault requires neither adjudication of liability nor confession of fault. *Id.* Whether the City believed it was liable is not the standard. *See id.* at 67.

The instant case does not involve the question of the City's subjective knowledge of fault. To the extent we rely on **Anderson** and, through it, **Simmons**, such reliance is limited to our construing the written notice provided to the City in concert with the underlying purpose of the TTCA.

governmental unit to investigate the allegations to assess its exposure to liability, so too does a written notice, which obfuscates an injured party's status a "claimant," likely not to trigger such an investigative incentive on the City's part in the instant case. Moreover, it is reasonable to conclude that when, as here, the notice as to the "amount of claim" is relatively low, the City's incentive to investigate is less than it would have been had it received notice that Leach intended to make a claim for his personal injuries in addition to the $207.19 in property damage specified by Ameri-Tex.

In sum, Ameri-Tex's failure to include Leach as a "claimant" along with its failure to include any references to personal injury damages, even in an undetermined amount, failed to convey to the City that Leach intended to make a claim based on the injuries he allegedly sustained in the accident. Therefore, we conclude that the notice submitted by Ameri-Tex was inadequate to serve as a notice of Leach's claims under Section 101.101(a) and hold that the trial court did not err in granting summary judgment in the City's favor. *Cf. **Anderson***, 2008 WL 186867, at *4; *cf. also **Tenorio***, 543 S.W.3d at 776. Leach's first issue is overruled.[3]

### DISPOSITION

Having overruled Leach's first issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 9, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] Having overruled Leach's first issue, we do not consider his second issue. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 9, 2021

NO. 12-21-00004-CV

**LEONDRA LEACH,**
Appellant
V.
**THE CITY OF TYLER,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 20-2049-A)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal be, and the same are, adjudged against the Appellant, **LEONDRA LEACH**, for which let execution issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*